GIBBS v GENERAL MOTORS CORPORATION

Docket No. 54354. Submitted November 12, 1981, at Lansing.—Decided March 3, 1982. Leave to appeal applied for.

James E. Gibbs petitioned for workers' compensation benefits, claiming that his employment at General Motors Corporation, Chevrolet Grey Iron Division, some five years prior to the time of his petition caused his present disability, chronic bronchitis. Benefits were denied by an administrative law judge. Gibbs appealed to the Workers' Compensation Appeal Board (WCAB), which reversed the decision and awarded benefits. General Motors appeals by leave granted, challenging the appeal board's findings of fact. *Held:*

1. Findings of fact of the WCAB are conclusive absent fraud and are to be upheld if any evidence on the record supports those findings.

2. There was testimony presented which supports the WCAB's conclusion that Gibbs was disabled and that his disability was caused or aggravated by his employment at General Motors.

Affirmed.

1. Workers' Compensation — Appeal — Findings of Fact — Constitutional Law — Statutes.

Findings of fact of the Workers' Compensation Appeal Board are conclusive in the absence of fraud, and are to be upheld if there is any evidence on the record to support them (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. Workers' Compensation — Work-Related Disability — Statutes.

A workers' compensation claimant, in order to recover compensation, must establish that he sustained a disability which arose

References for Points in Headnotes

[1] 82 Am Jur 2d, Workmen's Compensation § 631.
[2] 82 Am Jur 2d, Workmen's Compensation § 240.
[3] 82 Am Jur 2d, Workmen's Compensation § 634.
[4] 82 Am Jur 2d, Workmen's Compensation § 293.

out of and in the course of his employment (MCL 418.301; MSA 17.237[301]).

3. WORKERS' COMPENSATION — WITNESSES — CREDIBILITY OF TESTI-MONY.

The weight and credibility of testimony of both lay and medical witnesses in a workers' compensation case is for the determination of the Workers' Compensation Appeal Board.

4. WORKERS' COMPENSATION — CAUSE OF DISABILITY.

A workers' compensation claimant should be awarded compensation upon showing that his employment aggravated, accelerated, or combined with a disease or infirmity to produce the claimed disability.

*Law Offices of Bernard M. Freid* (by *W. Kenneth Wright),* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Thomas F. James* and *Gregory E. Meter),* for defendant.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and N. J. KAUFMAN, JJ.

M. J. KELLY, P.J. Defendant, General Motors Corporation, Chevrolet Grey Iron Division, appeals from a Workers' Compensation Appeal Board (WCAB) decision finding that plaintiff, James E. Gibbs, has a work-related disability. The WCAB directed defendant to pay plaintiff $79 weekly benefits. GM sought leave to appeal which was granted pursuant to GCR 1963, 806.2.

Plaintiff was employed by GM in 1968 and worked in its foundry where he was exposed to dust, fumes and gas. In 1971, plaintiffs' employment with GM was terminated when he was arrested and convicted of the homicide of his wife. Plaintiff was incarcerated until 1976 after which he took a summer job in the construction industry. When he was laid off his construction job, Gibbs

filed for disability benefits claiming his work at GM caused his chronic bronchitis. The administrative law judge (ALJ) denied him benefits but the WCAB reversed the ALJ, finding that plaintiff was disabled and that his disability was caused by his employment with GM. Defendant appeals the board's decision, challenging its findings of fact.

Initially, we must determine the correct standard of review for appeals challenging the WCAB's findings of fact. Defendant claims that the WCAB's findings of fact must be supported by competent, material, and substantial evidence. Plaintiff, on the other hand, argues that we must affirm the WCAB's findings of fact if they are supported by *any* evidence.

Const 1963, art 6, § 28 states that the findings of fact in a workers' compensation proceeding are conclusive in the absence of fraud. This same standard was legislatively enacted into MCL 418.861; MSA 17.237(861). Under this standard of review, the finding of facts of the WCAB are conclusive if there is any evidence to support them. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 135-136; 274 NW2d 411 (1979), *Carter v Kelsey-Hayes Co,* 386 Mich 610, 615; 194 NW2d 326 (1972). While we are aware that a different, more intrusive, standard was described in *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 250; 262 NW2d 629 (1978), we do not think that the Supreme Court was establishing a broader standard of review. The cases relied upon in *Dressler* used the any evidence standard and the Supreme Court has since reviewed WCAB decisions under the any evidence standard. See *Kostamo, supra.* If the Supreme Court wishes to dilute the WCAB's area of invulnerability, it should send a clearer message. We, therefore, review the

WCAB's findings of fact in this case to determine if any evidence in the record supports its decision.

To recover compensation, plaintiff had to establish that he sustained a disability which arose out of and in the course of his employment. MCL 418.301; MSA 17.237(301), *Deziel v Difco Laboratories, Inc (After Remand)*, 403 Mich 1, 34; 268 NW2d 1 (1978). The weight and credibility of testimony of both lay and medical witnesses is for the determination of the appeal board. *Sanford v Ryerson & Haynes, Inc,* 396 Mich 630, 635; 242 NW2d 393 (1976), *reh den* 397 Mich 956 (1976). On appeal, defendant alleges that plaintiff failed to establish that he was disabled.

Plaintiff's expert, Dr. Irving Kane, testified that plaintiff was suffering from chronic obstructive lung disease due to chronic bronchitis. He opined that plaintiff was disabled with regard to strenuous or sustained physical exertion and further exposure to heat, dust, smoke, fumes or other air pollutants. Defendant's expert, Dr. Peter Walsh, testified that plaintiff was suffering from mild bronchitis but opined that the bronchitis was caused by plaintiff's cigarette smoking. Plaintiff's testimony supported his claim of disability. According to plaintiff, he experienced a productive cough, shortness of breath, and dizziness while working in defendant's plant. While he admitted on cross-examination that he had experienced coughing prior to working for defendant, he claimed he had never experienced the other symptoms before his employment with defendant. After reviewing the record, we must affirm the WCAB's finding that plaintiff was disabled because there is some evidence which supports that conclusion.

Defendant also argues that the WCAB erred when it found plaintiff's disability to be work related. In a workers' compensation case, the claimant must establish a reasonable relation of

cause and effect between his work and his injury. *Kostamo, supra,* 126. If the employment aggravated, accelerated, or combined with the disease or infirmity to produce the disability, the claimant should be awarded compensation. *Deziel, supra,* 10, *Arnold v General Motors Corp,* 84 Mich App 713, 716-717; 270 NW2d 504 (1978). The WCAB may draw inferences from established facts. *Aquilina v General Motors Corp,* 403 Mich 206, 211; 267 NW2d 923 (1978).

Dr. Kane opined that plaintiff's disability was due to chronic bronchitis which was caused and/or aggravated by his previous occupation and its associated air pollution. Dr. Walsh also testified that exposure to industry pollutants, vapors and gases might contribute to or cause bronchitis. However, Dr Walsh did maintain that plaintiff's bronchitis was caused by his cigarette smoking and not his exposure to industry pollutants. Finally, there was plaintiff's testimony that he experienced coughing, shortness of breath, and dizziness while working for defendant. Plaintiff also testified that he continued to suffer from shortness of breath some five years after his employment with defendant was terminated. While the facts in this case are disputed, there was evidence presented which, along with inferences drawn by the WCAB, support the WCAB's finding that plaintiff's injury was work related. That we do not agree with the WCAB's findings is irrelevant. That the hearing referee's conclusions and the dissenting appeal board members' observations appear to be more on the mark does not warrant reversal. The majority of the appeal board has the constitutionally protected right to make what might appear to the reviewing court to be a mistake in its assessment of factual evidence.

The WCAB's findings of fact were supported by evidence and are affirmed.