## JUNEAC v ITT HANCOCK INDUSTRIES

Docket No. 107937. Submitted April 19, 1989, at Lansing. Decided August 11, 1989.

Plaintiff, Norma Juneac, injured her back on October 30, 1974, while employed by ITT Hancock Industries. ITT voluntarily paid compensation until October 13, 1975, when plaintiff returned to work. On July 25, 1979, plaintiff again injured her back while working. ITT again voluntarily paid compensation. On May 11, 1981, plaintiff filed a petition for a hearing with the Bureau of Workers' Disability Compensation alleging disability due to back injuries and complications. She claimed an injury date of July 25, 1979, and a last day of work disability of August 13, 1979. Named as defendants were ITT, Insurance Company of North America, and Liberty Mutual Insurance Company. A hearing referee awarded plaintiff benefits based on injuries occurring in 1974 and 1979. Plaintiff was awarded supplemental benefits in addition to weekly compensation. Defendant Liberty Mutual Insurance Company was dismissed from the action. ITT and INA appealed to the Workers' Compensation Appeal Board which modified the order changing the date benefits commenced to May 11, 1981. The remainder of the referee's decision was affirmed. Defendants appealed by leave granted.

The Court of Appeals *held:*

1. The decision and order of the WCAB complied with the requirements for the board's findings of fact and conclusions of law.

2. The WCAB did not err in awarding plaintiff weekly compensation based on a partial disability. The WCAB erred in awarding plaintiff supplemental benefits. Supplemental benefits under MCL 418.352; MSA 17.237(352) are not available to a person such as the plaintiff who is partially disabled and is awarded benefits under MCL 418.361(1); MSA 17.237(361)(1), regardless of whether such person has returned to the work force after the injury.

Affirmed in part and reversed in part.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 340, 347, 348, 630, 631, 633-635.

1. WORKERS' COMPENSATION — APPEAL BOARD — FINDINGS OF FACT — CONCLUSIONS OF LAW.

The Workers' Compensation Appeal Board is obligated to provide parties and reviewing courts with sufficiently detailed findings of fact and conclusions of law so as to enable a determination that (1) the board had before it competent evidence, however slight, which it deemed credible, to support its findings, (2) resolutions as between conflicting evidence were based on legally sufficient reasons, (3) necessary jural relationships have been determined with due regard for applicable law and have evidentiary support, and (4) in all other respects proper legal standards have been applied to the evidence before the board.

2. WORKERS' COMPENSATION — APPEAL — WRITTEN DECISIONS.

The Workers' Compensation Appeal Board must write a sufficiently compendious, if not formal, decision which will permit the parties to soundly judge the propriety of an appeal and which will facilitate appellate review in the event of an appeal.

3. WORKERS' COMPENSATION — PARTIAL DISABILITY — SUPPLEMENTAL BENEFITS.

Supplemental benefits are not available to a person who is partially disabled and is awarded benefits under the statute regarding partial disability regardless of whether the person has returned to the work force after the injury (MCL 418.352[9], 418.361[1]; MSA 17.237[352][9], 17.237[361][1]).

4. WORKERS' COMPENSATION — PARTIAL DISABILITY.

Section 361(1) of the Workers' Disability Compensation Act concerning partial disability, in referring to "the after-tax average weekly wage which the injured employee is able to earn after the personal injury," includes not only wages actually earned after the injury, but also any the injured employee has the capacity to earn (MCL 418.361[1]; MSA 17.237[361][1]).

*Robert A. Kozlow,* for Norma Juneac.

*O'Neill, Ackerman, Wallace & Doyle* (by *Vincent Kempinski* and *Thomas J. Severyn*), for ITT Hancock Industries and Liberty Mutual Insurance Company.

*Hanba, Lazar & Della Santina, P.C.* (by *Lawrence J. Hanba*), for ITT Hancock Industries and Insurance Company of North America.

Before: Sullivan, P.J., and Sawyer and Marilyn Kelly, JJ.

Per Curiam. Defendants ITT Hancock Industries and Insurance Company of North America appeal by leave granted from a March 8, 1988, order and opinion of the Workers' Compensation Appeal Board. The wcab found that plaintiff was partially disabled and entitled to weekly benefits. It also awarded her supplemental benefits pursuant to MCL 418.352; MSA 17.237(352). On appeal, itt and ina contend that the decision does not comply with accepted standards for wcab rulings and that the board erred in awarding plaintiff supplemental benefits. We affirm the board's decision finding partial disability and reverse the award of supplemental benefits.

Plaintiff began working at itt in May, 1973. On October 30, 1974, she injured her back while raking parts from a hopper. Itt voluntarily paid compensation until October 13, 1975, when plaintiff returned to work. On July 25, 1979, she injured her back again while working. Itt again voluntarily paid compensation.

On May 11, 1981, plaintiff filed a petition for a hearing alleging disability due to back injuries and complications. She claimed an injury date of July 25, 1979, and a last day of work disability of August 13, 1979.

In his February 15, 1983, decision the referee awarded plaintiff benefits based on injuries occurring in 1974 and 1979. He awarded supplemental benefits in addition to weekly compensation. Defendant Liberty Mutual Insurance Company was dismissed. Defendants itt and ina appealed to the board, which modified the order changing the date benefits commenced to May 11, 1981. The remainder of the decision was affirmed.

ITT and INA first argue that the decision and order of the WCAB does not comply with the standards set forth in *Nunn v George A Cantrick Co, Inc,* 113 Mich App 486; 317 NW2d 331 (1982). They contend the decision is contradictory, misconstrues the evidence and does not identify which of the conflicting evidence the board relied on. We find no merit in defendants' contentions.

Our review of a decision by the WCAB is limited. Findings of fact made by the board are conclusive and may not be set aside if supported by record evidence, absent a showing of fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861), *Flynn v General Motors Corp,* 162 Mich App 511, 514; 413 NW2d 444 (1987.) The WCAB's decision may be reversed if the board operated within the wrong legal framework or where its decision is based on erroneous legal reasoning. *Id.*

In *Nunn,* this Court set forth requirements for the board's findings of fact and conclusions of law. The WCAB's decision must be sufficiently detailed to enable a determination that

> (1) the board had before it competent evidence, however slight, which it deemed credible, to support its findings, (2) resolutions as between conflicting evidence were based on legally sufficient reasons, (3) necessary jural relationships have been determined with due regard for applicable law and have evidentiary support, and (4) in all other respects proper legal standards have been applied to the evidence before the board. In sum and substance, the board must write a sufficiently "compendious if not formal" decision which will permit the parties to soundly judge the propriety of an appeal and which will facilitate appellate review in the event of an appeal. More is gratuitous; less cannot be tolerated. [Citations omitted. *Nunn,* 493-494.]

After reviewing the board's opinion under this standard, we find that it provided a sufficiently detailed basis to facilitate appellate review. The requirements of *Nunn* have been met.

Next ITT and INA contend that the WCAB erred in awarding plaintiff supplemental benefits, even though she was found to have partial rather than total disability. We agree.

MCL 418.352; MSA 17.237(352), the statute authorizing supplemental benefits, provides in part:

(1) Beginning January 1, 1982, an employee receiving or entitled to receive benefits equal to the maximum payable to that employee under section 351 or the dependent of a deceased employee receiving or entitled to receive benefits under section 321 whose benefits are based on a date of personal injury between September 1, 1965, and December 31, 1979, shall be entitled to a supplement to weekly compensation.

\* \* \*

(9) This section does not apply to an employee receiving benefits under section 361(1).

MCL 418.361(1); MSA 17.237(361)(1) states:

(1) While the incapacity for work resulting from a personal injury is partial, the employer shall pay, or cause to be paid to the injured employee weekly compensation equal to 80% of the difference between the injured employee's after-tax average weekly wage before the personal injury and the after-tax average weekly wage which the injured employee is able to earn after the personal injury, but not more than the maximum weekly rate of compensation, as determined under section 355. Compensation shall be paid for the duration of the disability.

The board found that plaintiff was partially dis-

abled. Therefore she was awarded benefits under § 361 rather than § 351, the section that covers total disability. The plain language of § 352(9) expressly excludes an award of supplemental benefits when there is partial disability.

The board made an award of supplemental benefits to plaintiff based on a previous board ruling in *Gamula v General Motors Corp,* 1987 WCABO 2178. In *Gamula,* the WCAB interpreted §§ 351, 352 and 362 as allowing supplemental benefits for employees who have not returned to the work force, whether partially or totally disabled. On appeal, this Court vacated the decision and remanded the case by peremptory order. A motion for rehearing was denied.

The applicability of § 361 does not hinge on whether the employee has actually returned to some form of work. Section 361(1) refers to "the after-tax average weekly wage which the injured employee is able to earn after the personal injury." It includes not only wages actually earned after the injury, but also any the employee has the capacity to earn. *Frammolino v Richmond Products Co,* 79 Mich App 18, 26-27; 260 NW2d 908 (1977). The Michigan Supreme Court has ruled that to hold otherwise would encourage malingering. Compensation is not a pension. *Hood v Wyandotte Oil & Fat Co,* 272 Mich 190, 192; 261 NW 295 (1935). Thus we conclude that supplemental benefits are not available to those receiving disability under § 361(1), regardless of whether they have returned to the work force after the injury.

The board's decision awarding plaintiff weekly compensation based on a partial disability is affirmed. That part of the decision awarding supplemental benefits is reversed.

Affirmed in part; reversed in part. We do not retain jurisdiction.