FLINT v GENERAL MOTORS CORPORATION

Docket No. 114430. Submitted May 8, 1990, at Lansing. Decided June 19, 1990. Leave to appeal applied for.

> Plaintiff, Kenneth A. Flint, suffered a work-related injury on February 28, 1979, while employed by defendant, General Motors Corporation. The injury ultimately resulted in the loss of plaintiff's left eye on November 2, 1982. On April 3, 1984, the parties entered into an agreement whereby defendant agreed to pay plaintiff benefits pursuant to MCL 418.361(2)(l); MSA 17.237(361)(2)(l) for a period of 162 weeks retroactive to November 2, 1982. Plaintiff was subsequently laid off and received unemployment benefits chargeable to defendant and paid concurrently with his disability benefits. Pursuant to MCL 418.358; MSA 17.237(358), defendant reduced plaintiff's disability benefits by the amount of unemployment benefits received during the same period. Plaintiff sought a hearing and the Workers' Compensation Appeal Board ultimately ruled that, since plaintiff was injured prior to the effective date of § 358, January 1, 1982, defendant was not entitled to reduce plaintiff's § 361 benefits by the amount of unemployment benefits even though plaintiff's specific loss of the eye occurred after the effective date of § 358. Defendant appealed.
>
> The Court of Appeals *held:*
>
> 1. The WCAB erred in finding that § 358 did not apply to specific loss benefits paid to plaintiff pursuant to § 361. Section 358 specifically states that benefits payable under § 361 shall be reduced by one hundred percent of the unemployment benefits. In addition, in *Franks v White Pine Copper Division,* 422 Mich 636 (1985), the Court held that § 358 applies to compensation benefits due after the effective date of § 358, even if the injury occurred before that date. The WCAB's ruling to the contrary operated within the wrong legal framework and was based upon erroneous legal reasoning.
>
> 2. The WCAB erred in holding equally applicable to § 358 the

REFERENCES

Am Jur 2d, Unemployment Compensation § 90; Workmen's Compensation §§ 365, 630, 631, 634.

Application for, or receipt of, unemployment compensation benefits as affecting claim for workmen's compensation. 96 ALR2d 941.

provision in MCL 418.354(16); MSA 17.237(354)(16) which prescribes that benefits payable under § 361(2) and (3) shall not be coordinated with those benefits cited in subsection 354(1).

3. It is not a denial of equal protection to forbid coordination of benefits pursuant to § 354(17) while allowing it under § 358.

4. MCL 418.651; MSA 17.237(651) cannot be interpreted as preventing the coordination of benefits required by § 358.

Reversed.

1. WORKERS' COMPENSATION — UNEMPLOYMENT COMPENSATION — COORDINATION OF BENEFITS.

Specific loss benefits paid to an employee pursuant to § 361 of the Workers' Disability Compensation Act may be reduced in accordance with § 358 of the act by the amount of unemployment benefits paid to the employee where the injury date preceded the effective date of § 358 but where the specific loss occurred subsequent to the effective date of § 358 (MCL 418.358, 418.361; MSA 17.237[358], 17.237[361]).

2. WORKERS' COMPENSATION — APPEAL BOARD — APPEAL.

In the absence of fraud, findings of fact by the Workers' Compensation Appeal Board are conclusive and may not be set aside if supported by record evidence; however, the board's decision may be reversed if the board operated within the wrong legal framework or where its decision is based on erroneous legal reasoning (Const 1963, art 6, § 28, MCL 418.861; MSA 17.237[861]).

*Rapaport, Pollok, Farrell & Sablich, P.C.* (by *Roger A. Rapaport* and *Steven J. Pollok*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Bruce L. Dalrymple* and *Scott C. Strattard*), for defendant.

Before: GRIBBS, P.J., and HOOD and T. J. LESINSKI,* JJ.

PER CURIAM. Defendant appeals by leave granted the December 12, 1988, opinion and order

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

of the Workers' Compensation Appeal Board affirming the hearing referee's decision that defendant was not entitled, under MCL 418.358; MSA 17.237(358), to reduce compensation benefits by the amount of unemployment benefits paid to plaintiff. We reverse.

On February 28, 1979, plaintiff suffered a work-related injury that ultimately resulted in the loss of his left eye on November 2, 1982. On April 3, 1984, the parties entered into an agreement whereby defendant agreed to pay plaintiff benefits pursuant to MCL 418.361(2)(l); MSA 17.237(361)(2) (l) for a period of 162 weeks retroactive to November 2, 1982.

Plaintiff was subsequently laid off and received unemployment benefits chargeable to defendant and paid concurrently with his disability benefits. Pursuant to MCL 418.358; MSA 17.237(358), defendant reduced plaintiff's disability benefits by the amount of unemployment benefits received during the same period. This action prompted plaintiff to file a penalty petition requesting a Rule 5 hearing, 1979 AC, R 408.35.

The matter was submitted to a hearing referee. The issue to be decided was whether benefits paid pursuant to § 361 could be reduced in accordance with § 358 where the injury date preceded the effective date of § 358 but where the specific loss occurred subsequent to the effective date. In a decision dated August 30, 1985, and mailed September 26, 1985, the hearing referee opined that the date of injury had traditionally been viewed as the controlling date for establishment of a compensation rate. Since plaintiff was injured prior to the effective date of § 358, defendant was not entitled to reduce plaintiff's compensation benefits by the amount of unemployment benefits even though

plaintiff's specific loss (loss of left eye) occurred after the effective date.

Defendant appealed the referee's decision to the WCAB. In an opinion and order dated December 12, 1988, the WCAB affirmed the referee's ruling. It is from the WCAB's decision that defendant now appeals.

Defendant argues that the WCAB erred in finding that § 358 did not apply to specific loss benefits paid to plaintiff pursuant to § 361. We agree.

Our review of a decision by the WCAB is limited. In the absence of fraud, findings of fact by the WCAB are conclusive and may not be set aside if supported by record evidence. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Juneac v ITT Hancock Industries,* 181 Mich App 636, 639; 450 NW2d 22 (1989). However, the WCAB's decision may be reversed if the WCAB operated within the wrong legal framework or where its decision is based on erroneous legal reasoning. *Id.*

The statute at issue in the instant case, § 358 of the Workers' Disability Compensation Act, provides that benefits paid under §§ 351, 361 or 835 must be reduced by one hundred percent of the amount of unemployment benefits paid to a claimant. Specifically, the provision states:

> Net weekly benefits payable under section 351, 361, or lump sum benefits under section 835, shall be reduced by 100% of the amount of benefits paid or payable to the injured employee under the Michigan employment security act, Act No. 1 of the Public Acts of the Extra Session of 1936, as amended, being sections 421.1 to 421.67a of the Michigan Compiled Laws, for identical periods of time and chargeable to the same employer. [MCL 418.358; MSA 17.237(358).]

In *Franks v White Pine Copper Division,* 422

Mich 636; 375 NW2d 715 (1985), our Supreme Court interpreted §§ 354 and 358 of the act. With respect to § 358 the Court concluded at 677:

> [U]nder the provisions of § 358 of 1980 PA 357, MCL 418.358; MSA 17.237(358) unemployment compensation paid for weekly periods before the January 1, 1982 effective date of the 1980 amendment is not deductible from workers' compensation benefits payable for the identical pre-January, 1982 periods, but weekly payments of workers' compensation that become due on or after January 1, 1982, are to be reduced by unemployment compensation benefits paid or payable for the same periods, although the worker was injured before January 1, 1982.

In essence, the Supreme Court held that § 358 must be used to reduce compensation benefits by the amount of unemployment benefits even though the claimant was injured before the effective date of § 358 and the specific loss did not occur until after the effective date.

In reviewing the plain language of § 358 and the *Franks* decision, we believe that it is categorically clear that § 358 applied to the compensation benefits plaintiff received in this case. First, § 358 specifically states that benefits payable under § 361 shall be reduced by one hundred percent of unemployment benefits. Furthermore, the *Franks* Court held that § 358 applies to compensation benefits due after the effective date of § 358, January 1, 1982, even if the injury occurred before that date. Thus, in the instant case, where plaintiff was injured on February 28, 1979, and the loss of his eye did not occur until November 2, 1982, plaintiff's compensation benefits must be reduced by the amount of unemployment benefits he received.

However, we will not end our analysis here

because we find it necessary to address the specific legal reasoning upon which the WCAB based its decision.

The WCAB initially acknowledged the *Franks* holding. However, it distinguished *Franks* on the basis that it dealt with general disability benefits and did not conclude whether specific loss benefits, such as those involved in this case, could be treated in an identical manner. Therefore, the WCAB found that the Legislature did not intend for retroactive coordination or reduction of specific loss benefits paid pursuant to § 361 with unemployment benefits. We disagree. The WCAB's interpretation of the *Franks* decision completely disregards the *plain* language of § 358 which specifically enunciates the applicability of the section to compensation benefits (specific loss benefits) paid pursuant to § 361. Our research indicates that neither § 358 nor *Franks, supra,* in any way states that benefits payable under § 361 are *not* to be reduced by or coordinated with unemployment benefits.

The WCAB also cited MCL 418.354(16); MSA 17.237(354)(16) as additional support for its conclusion that plaintiff's benefits were not subject to coordination. This provision prescribes that benefits payable under § 361(2) and (3) shall not be coordinated with those benefits listed under subsection 354(1), namely: (1) old-age insurance benefits paid pursuant to the Social Security Act, 42 USC 301 to 1397f; (2) benefits payable under a self-insurance plan, wage continuation plan or employer-provided disability insurance, and (3) pension or retirement payments under a plan established or maintained by an employer. Specifically, MCL 418.354(16); MSA 17.237(354)(16) states:

This section shall not apply to payments made

to an employee as a result of liability pursuant to section 361(2) and (3) for the specific loss period set forth therein. It is the intent of the legislature that, because benefits under section 361(2) and (3) are benefits which recognize human factors substantially in addition to the wage loss concept, coordination of benefits should not apply to such benefits.

The WCAB held that this provision was "equally applicable" to § 358. We disagree. Subsection 354(16) limits exemption from reduction or coordination to those benefits cited in subsection 354(1). Furthermore, in response to the Supreme Court's interpretation of § 354 in *Franks,* the Legislature adopted 1987 PA 28, which added the following provision to § 354:

> (17) The decision of the Michigan Supreme Court in *Franks v White Pine Copper Division,* 422 Mich 636 (1985) is declared to have been erroneously rendered insofar as it interprets this section, it having been and being the legislative intention not to coordinate payments under this section resulting from liability pursuant to section 351, 361, or 835 for personal injuries occurring before March 31, 1982. It is the purpose of this amendatory act to so affirm. This remedial and curative amendment shall be liberally construed to effectuate this purpose. [MCL 418.354(17); MSA 17.237(354)(17).]

The Legislature added no such provision to § 358. We believe that had the Legislature desired to obviate the *Franks* holding with respect to § 358, it could have done so as it did with § 354. Therefore, we find that the language in subsection 354(16) which prescribes that compensation payments under § 361 (2) and (3) shall not be coordinated with those benefits cited in subsection 354(1) is not applicable to § 358. As previously indicated,

the clear language of § 358 states that specific loss benefits payable under § 361 must be reduced by one hundred percent of the unemployment benefits paid to an injured claimant even if the injury occurred prior to the effective date of § 358 and the specific loss occurred after this date. *Franks, supra,* p 677. The WCAB's ruling to the contrary operated within the wrong legal framework and was based upon erroneous legal reasoning. *Juneac v ITT Hancock Industries, supra.*

Finally, we find all of plaintiff's arguments in support of the WCAB's ruling meritless. Plaintiff presents no cogent authority or reasoning for his assertion that forbidding coordination of benefits pursuant to § 354(17) while allowing it under § 358 is a denial of equal protection. In addition, plaintiff's reliance upon MCL 418.651; MSA 17.237(651) for his argument that benefits may not be coordinated in accordance with § 358 is misplaced. Section 651 merely states that nothing in the act will affect an employer's liability to pay or an employee's ability to receive benefits under any other insurance contract. Hence, we do not believe that § 651 can be interpreted as preventing coordination of benefits required by § 358.

In light of the above conclusions, we find that plaintiff's benefits were properly reduced under § 358 of the act by the amount of unemployment benefits he received. We reverse the decision of the WCAB and remand for entry of an order allowing defendant to reduce benefits paid to plaintiff by the appropriate amounts.

Reversed and remanded.