McDOUGALL v GENERAL MOTORS CORPORATION

Docket No. 118419. Submitted June 20, 1990, at Lansing. Decided September 17, 1990.

Gary C. McDougall sought workers' compensation benefits from his employer, General Motors Corporation. The parties reached an agreement and the magistrate ordered defendant to pay plaintiff's counsel an attorney fee. Defendant appealed to the Workers' Compensation Appeal Board. Plaintiff moved to dismiss, alleging that the board lacked jurisdiction to determine the issue. The board granted plaintiff's motion, finding that defendant was required to first appeal the magistrate's decision as to attorney fees to the director of the Bureau of Workers' Disability Compensation, pursuant to MCL 418.858(1); MSA 17.237(858)(1). Defendant appealed by leave granted.

The Court of Appeals *held:*

Section 858 applies only to disputes between attorneys and their clients, not to disputes over attorney fees between the parties. The appeal board had jurisdiction to determine the issue of the propriety of awarding attorney fees.

Reversed and remanded.

WORKERS' COMPENSATION — ATTORNEY FEES.

The section of the Workers' Disability Compensation Act concerning fees of attorneys and hearings on disputed fees applies only to disputes between attorneys and their clients and does not apply to disputes over attorney fees between the parties (MCL 418.858[1]; MSA 17.237[858][1]).

*Davidson, Breen & Doud, P.C.* (by *Richard J. Doud*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Bruce L. Dalrymple* and *Scott C. Strattard*), for defendant.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 644-646.

See the Index to Annotations under Workers' Compensation.

Before: GRIFFIN, P.J., and SHEPHERD and DOCTO-
ROFF, JJ.

SHEPHERD, J. Defendant appeals by leave
granted from the order of the Workers' Compensa-
tion Appeal Board dismissing defendant's appeal
on the basis that it had no jurisdiction to review
the appeal. The WCAB found that defendant was
required to first appeal the magistrate's decision as
to attorney fees to the director of the Bureau of
Workers' Disability Compensation. We reverse.

While generally our review of a decision of the
WCAB is limited, this Court will reverse a decision
of the WCAB where the decision is based upon
erroneous legal reasoning. *Juneac v ITT Hancock
Industries,* 181 Mich App 636, 639; 450 NW2d 22
(1989). The WCAB found that it had no jurisdiction
to decide the dispute over attorney fees on the
basis of the following statute:

> (1) The cost of a hearing, including the cost of
> taking stenographic notes of the testimony pre-
> sented at the hearing, not exceeding the taxable
> costs allowed in actions at law in the circuit courts
> of this state, shall be fixed by the director and paid
> by the state as other expenses of the state are
> paid. The fees and payment thereof of all attor-
> neys and physicians for services under this act
> shall be subject to the approval of a hearing
> referee or worker's compensation magistrate, as
> applicable. In the event of disagreement as to such
> fees, an interested party may apply to the bureau
> for a hearing. After an order by the hearing
> referee or worker's compensation magistrate, as
> applicable, review may be had by the director if a
> request is filed within 15 days. Thereafter the
> director's order may be reviewed by the appeal
> board or the appellate commission, as applicable,
> on request of an interested party, if a request is
> filed within 15 days. [MCL 418.858(1); MSA
> 17.237(858)(1).]

In *Gross v Great Atlantic & Pacific Tea Co,* 87 Mich App 448, 451; 274 NW2d 817 (1978), lv den 406 Mich 944 (1979), this Court held that § 858 of the act applies only to disputes between attorneys and their clients and does not apply to disputes over attorney fees between the parties. We believe that the plain language of § 858 supports the holding in *Gross.* The statute by its very terms speaks only to disputes over the amount of attorney fees to be awarded and does not speak to the substantive issue of the propriety of awarding attorney fees. Furthermore, the procedure for settling disagreements over attorney fees outlined in § 858 does not appear to have been intended to be applied within the framework of a proceeding to recover workers' compensation benefits, but contemplates a separate proceeding altogether for resolution of the kind of dispute involved in this case. We may infer from this that a § 858 action is to take place after resolution of the claim between the opposing parties. We decline to adopt an interpretation of the statute which would require a defendant to fully litigate and appeal the issues involved in the disability claim and then file a petition for another hearing and ultimate review by the director as to the attorney fee issue.

We reverse the decision of the WCAB and remand this case for review on the merits. We reserve jurisdiction and direct the WCAB to resolve this matter and submit its findings and opinion to this Court within ninety-one days of the date of this opinion.