ZOCCOLA v CHRYSLER CORPORATION

Docket No. 114812. Submitted June 5, 1990, at Lansing. Decided
    October 15, 1990. Leave to appeal applied for.

Nicholas J. Zoccola, an employee of Chrysler Corporation, sought
    workers' compensation benefits claiming permanent and total
    disability. Following a hearing, the hearing officer held that
    Zoccola had sustained his burden of establishing general dis-
    ability arising out of and in the course of his employment but
    had failed to prove his total and permanent disability. In so
    holding, the hearing officer expressly excluded the testimony of
    a rehabilitation specialist and social worker on the basis that
    the testimony merely summarized certain medical information
    without adding any probative facts. Zoccola appealed and the
    Workers' Compensation Appeal Board affirmed, with each
    member of the panel writing a separate opinion. Zoccola ap-
    pealed by leave granted the WCAB's order awarding him partial
    disability benefits but denying his claim for permanent and
    total disability benefits.

    The Court of Appeals held:

    1. Zoccola's argument that the WCAB did not arrive at a
    majority concerning the admissibility of excluded testimony is
    rejected. Two of the three board members clearly agreed to
    exclude the testimony. The fact that they disagreed on the
    basis for excluding the evidence is inconsequential since the
    evidence was properly disregarded and the findings of fact and
    conclusions of law were adopted by a majority of the board.

    2. The board did not err in failing to consider the excluded
    testimony. That testimony did not assist the board in under-
    standing the evidence or in determining a fact the board could
    not have determined for itself.

    3. The WCAB considered the proper legal standards in evalu-

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 333, 528, 537, 613, 630,
    633.

Admissibility of opinion evidence as to employability on issue of
    disability in health and accident and workers' compensation
    cases. 89 ALR3d 783.

ating Zoccola's claim, the board's factual findings are supported by competent evidence, and there is no evidence of fraud. Affirmed.

1. WORKERS' COMPENSATION — APPEAL BOARD — WITNESSES — EXPERT TESTIMONY.

The Workers' Compensation Appeal Board may properly exclude testimony of an expert witness regarding a claimant's degree of disability based primarily upon the witness' review of medical reports made by doctors who had examined the claimant; the WCAB must independently review the evidence, especially the medical testimony, and draw its own conclusions concerning whether the claimant is totally and permanently disabled under the workers' compensation act.

2. WORKERS' COMPENSATION — APPEAL BOARD — FINDINGS OF FACT — CREDIBILITY OF WITNESSES.

The Workers' Compensation Appeal Board determines whether a disability exists and whether a particular employment has aggravated a condition to the point of disability; in making these determinations, the WCAB may pass on the credibility of witnesses and draw inferences from the facts which it finds.

*Mancini, Schreuder, Kline & Conrad, P.C.* (by *Roger R. Kline*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for Second Injury Fund.

Before: SAWYER, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

MICHAEL J. KELLY, J. Plaintiff appeals by leave granted an order of the Workers' Compensation Appeal Board awarding him partial disability benefits but denying his claim for permanent and total disability benefits. We affirm.

Plaintiff first claims on appeal that the WCAB erred by excluding the testimony of Richard Humanic, a rehabilitation counselor who had been qualified as an expert. Plaintiff further asserts

that the case should be remanded to the WCAB because the board failed to reach a true majority opinion regarding the counselor's testimony.

We disagree with plaintiff that the board did not arrive at a majority concerning the admissibility of the counselor's testimony. Two board members clearly agreed to exclude the testimony, albeit for different reasons. The fact that the two members disagreed on the basis for excluding the evidence is inconsequential since the evidence was properly disregarded, as will be discussed below, and since the findings of fact and conclusions of law were adopted by a majority of the board. See *Aquilina v General Motors Corp*, 403 Mich 206; 267 NW2d 923 (1978).

It is a general rule of evidence that the testimony of an expert may be admitted if the court determines that the specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. See MRE 702; 100 CJS, Workmen's Compensation, § 525, pp 511-514. Here, the counselor testified that plaintiff would be unable to secure reasonable employment because of limited use of his lower extremities. This conclusion was based primarily upon the counselor's review of medical reports made by doctors who had examined plaintiff. The counselor's interpretation of the medical reports and conclusions regarding plaintiff's degree of disability did not assist the trier of fact because the WCAB can, and indeed must, independently review the evidence, especially the medical testimony, and draw its own conclusions concerning whether a claimant is totally and permanently disabled under the act. See generally *In re Skulina Estate*, 168 Mich App 704; 425 NW2d 135 (1988). The counselor's testimony did not assist the board in understanding the evidence or in determining a fact the board could

not have determined for itself. The board did not err by failing to consider the evidence.

Next, plaintiff challenges the WCAB's application of legal standards and findings of fact. We find no error.

This Court's review in workers' compensation cases is limited. The WCAB's findings of fact are conclusive and may not be set aside if supported by record evidence, absent a showing of fraud. The board's decision may be reversed, however, if the board operated within the wrong legal framework or if it based its decision on erroneous legal reasoning. *Juneac v ITT Hancock Industries,* 181 Mich App 636, 639; 450 NW2d 22 (1989), lv den 434 Mich 900 (1990).

Our review of the record reveals that the board considered the proper legal standards in evaluating plaintiff's claim that he suffered a permanent and total loss of industrial use of both legs. Turning to the board's factual findings, we conclude that they are supported by competent evidence. The board weighed most heavily the testimony of defendants' experts who testified that plaintiff was able to secure reasonable employment. The board discounted to some degree the testimony of plaintiff's expert due to the manner of his testimony and because of a lack of any basis in physical findings supporting the expert's opinions. It is for the WCAB to pass on the credibility of witnesses and to draw inferences from the facts which it finds established. *Thomas v Chrysler Corp,* 164 Mich App 549, 557; 418 NW2d 96 (1987), lv den 429 Mich 881 (1987). Having found no evidence of fraud and that the board's findings are supported by the record, we must accept the board's finding that plaintiff is not permanently and totally disabled.

Affirmed.