BARNES v CAMPBELL, WYANT & CANNON FOUNDRY
COMPANY

Docket No. 119088. Submitted December 6, 1990, at Grand Rapids.
Decided March 18, 1991, at 9:35 A.M. Leave to appeal sought.

Leonard J. Barnes, before his death from heart attack, received
workers' compensation disability benefits from his employer,
Campbell, Wyant & Cannon Foundry Company, and Aetna
Casualty & Surety Company, its insurer, for chronic obstructive
lung disease. After his death, his widow, Martha Barnes,
sought workers' compensation death benefits. The Workers'
Compensation Appeal Board granted benefits, determining that
the decedent's lung disease contributed to, but did not proxi-
mately cause, his death. The Court of Appeals reversed in a
peremptory order. Docket No. 105722. The Supreme Court, in
lieu of granting leave to appeal, vacated the peremptory order
and remanded the case to the Court of Appeals for considera-
tion as on leave granted. 432 Mich 929 (1989).

The Court of Appeals *held*:

Where a worker was receiving workers' compensation disabil-
ity benefits at the time of death, the proper standard for
determining whether the worker's dependents are entitled to
death benefits under the workers' compensation act is the
proximate cause of standard of MCL 418.375; MSA 17.237(375).

1. Section 375 provides that, where a worker dies after there
has been an adjudication of workers' compensation liability and
payment of benefits, it must be established that the work-
related injury received by the worker was the proximate cause
of his death in order for the worker's dependents to receive
workers' compensation death benefits.

2. Section 375 applies in this case. The WCAB erred in
applying MCL 418.301; MSA 17.237(301), rather than § 375

Reversed.

*McCroskey, Feldman, Cochrane & Breck, P.C.*
(by *Seymour L. Muskovitz*), for Martha Barnes.

*Russell & Carowitz* (by *Rodney W. Fagerman*),

for Campbell, Wyant & Cannon Foundry and Aetna Casualty & Surety Company.

Before: DANHOF, C.J., and REILLY and NEFF, JJ.

DANHOF, C.J. Defendants Campbell, Wyant & Cannon Foundry Company (CWC) and Aetna Casualty & Surety Company, appeal by leave granted a December 1987 order of the Workers' Compensation Appeal Board granting death benefits to plaintiff Martha Barnes. This Court initially reversed the decision of the WCAB in a peremptory order dated August 3, 1988. Our Supreme Court subsequently vacated our order and remanded the case to us for consideration as on leave granted. 432 Mich 929 (1989). We again reverse.

We note initially that the administrative proceedings involved issues concerning the obligation of the Silicosis and Dust Disease Fund to reimburse Aetna for benefits paid. That issue is not presented for our resolution on appeal and, for purposes of the issues presented, the following statement of facts will suffice.

Plaintiff's decedent, Leonard Barnes, worked for CWC from 1961 until March of 1980. After leaving CWC, Barnes sought workers' compensation disability benefits, and, after a hearing, a referee found that Barnes had become disabled from chronic obstructive lung disease due to his exposure to pulmonary irritants at the CWC foundry. The referee found that, although Barnes' smoking habit may have contributed significantly to his lung disease, the conditions at CWC also aggravated and contributed to the disease process. On the basis of these findings, the referee granted disability benefits to Barnes.

In March and April of 1985, Barnes had two major heart attacks; he died on April 12, 1985.

Barnes' wife, plaintiff Martha Barnes, sought workers' compensation death benefits. The hearing referee granted the benefits after finding that Barnes' lung disease was a contributing cause, although not the sole cause, of his heart attacks and subsequent death.

The WCAB affirmed the referee's decision to grant the death benefits. Regarding the issue of causation, the WCAB determined that, under *Leaveck v General Motors Corp,* 147 Mich App 781; 383 NW2d 154 (1985), the applicable standard was that found in § 301 of the Workers' Disability Compensation Act, MCL 418.301; MSA 17.237(301). The board expressly declined to follow *Noble v Ford Motor Co,* 152 Mich App 622; 394 NW2d 50 (1986), which applied the more stringent causation standard of § 375 of the act, MCL 418.375; MSA 17.237(375). The WCAB found, as had the referee, that Barnes' occupational lung disease was not the proximate cause of his death. Rather, the lung disease had complicated his heart condition and had diminished Barnes' ability to recover from the heart attacks. However, the board found that it was "precedently obligated" under *Leaveck,* to find that Barnes' "death by unconnected heart attacks" was compensable.

Absent a showing of fraud, findings of fact by the WCAB are conclusive if supported by record evidence. *Flint v General Motors Corp,* 184 Mich App 340, 343; 457 NW2d 157 (1990). However, a WCAB decision may be reversed if the board operated within the wrong legal framework or its decision was based on erroneous legal reasoning. *Id.*

We hold that in the instant case the WCAB erred in applying MCL 418.301; MSA 17.237(301) on the facts presented. Instead, the board should have

applied the causation standard found in MCL 418.375; MSA 17.237(375).

Section 301(1) of the Workers' Disability Compensation Act, MCL 418.301(1); MSA 17.237(301)(1) states:

> An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act. In the case of death resulting from the personal injury to the employee, compensation shall be paid to the employee's dependents as provided in this act. Time of injury or date of injury as used in this act in the case of a disease or in the case of an injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to the conditions that resulted in the employee's disability or death.

This section has been construed to require the worker to establish some reasonable causal relationship between the work and the injury. See, e.g., *Morris v Soloway,* 170 Mich App 312, 315; 428 NW2d 43 (1988); *Gibbs v General Motors Corp,* 114 Mich App 1; 318 NW2d 565 (1982), remanded on other grounds 417 Mich 1048 (1983). Thus, if the conditions of employment aggravated, accelerated, or combined with the worker's disease or infirmity to produce the disability, compensation should be awarded under this section. *Gibbs,* pp 4-5. See also MCL 418.301(2); MSA 17.237(301)(2) and MCL 418.401(2)(b); MSA 17.237(401)(2)(b).

Section 375 of the act addresses situations where a worker begins receiving disability benefits, later dies, and the worker's dependents then seek death benefits. In contrast to § 301, death benefits under § 375 are only available if the claimant can estab-

lish that the injury received by the worker was "the proximate cause" of death:

> (1) The death of the injured employee prior to the expiration of the period within which he or she would receive such weekly payments shall be deemed to end the disability and all liability for the remainder of such payments which he or she would have received in case he or she had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity.
>
> (2) If the injury received by such employee was the proximate cause of his or her death, and the deceased employee leaves dependents, as hereinbefore specified, wholly or partially dependent on him or her for support, the death benefit shall be a sum sufficient, when added to the indemnity which at the time of death has been paid or becomes payable under the provisions of this act to the deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical, hospital services, medicines, and rehabilitation services, and expenses furnished as provided in sections 315 and 319, equal to the full amount which such dependents would have been entitled to receive under the provisions of section 321, in case the injury had resulted in immediate death. Such benefits shall be payable in the same manner as they would be payable under the provisions of section 321 had the injury resulted in immediate death.

The Court in *Noble v Ford Motor Co, supra,* addressed the interplay of § 301 and § 375. As in the instant case, the worker in *Noble* had been receiving disability benefits for some time before his death. After his death, the worker's dependent widow sought death benefits. The WCAB applied § 301 and determined that the dependent was entitled to death benefits. The *Noble* Court reversed, stating:

A dependent's right to compensation benefits, where there has been a death not immediately following the injury, is governed by § 375 of the Workers' Disability Compensation Act, MCL 418.375; MSA 17.237(375) . . . .

A plain reading of this provision clearly provides that where, as here, the employee dies after there has been an adjudication of workers' compensation liability and payment of those benefits, in order for the employee's dependents to continue to receive workers' compensation benefits, it must be shown that the work-related injury received by the employee was the proximate cause of his death.

The appeal board majority did not apply the proximate cause standard in determining that plaintiff was entitled to benefits. Rather it applied the more lenient "any contribution or aggravating factor" standard set forth in cases decided under § 301 of the act, which applies to claims for compensation benefits where the claim follows immediately after the work-related injury. MCL 418.301; MSA 17.237(301). However, § 301 does not expressly require a proximate causal connection between the employment and the injury as § 375 does between the employment-related injury and a death subsequent to an adjudication of workers' compensation liability.

\*   \*   \*

In light of the express language of § 375, which requires plaintiff to show that her husband's work-related disability . . . was the proximate cause of his death, we conclude that the appeal board majority erred in failing to apply that standard. The Legislature apparently intended to impose a stricter standard of causation in those cases where a death results sometime after the initial injury and determination of entitlement of benefits. The appeal board's action in applying the more lenient standard contravenes the statute's clearly expressed mandate. [152 Mich App 625-627.]

See also *Kapala v Orville Frank Roofing Co,* 172 Mich App 724, 728-729; 432 NW2d 417 (1988).

Applying these principles to the instant case, we hold that the wcab erred in using the causation standard of § 301. Leonard Barnes had been receiving disability benefits for several years before his death. On this basis alone, § 375 should have been applied. Under that section, plaintiff would only have been entitled to death benefits if her husband's work-related injury was the proximate cause of his death. The wcab expressly found, and indeed emphasized, that Mr. Barnes' occupational lung disease was not the proximate cause of his death. It follows that, had the board applied the proper standard, it would have denied the death benefits. We therefore reverse.

In its opinion affirming the award of damages, the wcab expressed difficulty in distinguishing this case from *Leaveck v General Motors Corp, supra.* As in the instant case, the worker in *Leaveck* had died of heart disease that was aggravated by work-related pulmonary disease. However, unlike the instant case, the worker in *Leaveck* had died just two days after his last working day. The question in *Leaveck,* therefore, was whether the worker was entitled in the first instance to workers' compensation benefits. As should be clear from the above analysis, the correct causation standard in that situation is the standard embodied in MCL 418.301; MSA 17.237(301), which was the standard employed by the *Leaveck* Court.

We further note that, for the reasons stated in the preceding paragraph, the wcab also erred in following *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), and *Miklik v Michigan Special Machine Co,* 415 Mich 364; 329 NW2d 713 (1982). As in *Leaveck,* both *Kostamo* and *Miklik* involved the question whether the workers in those cases were entitled in the first instance to benefits under the workers' compensa-

tion act, and those cases properly analyzed the causation question by reference to the less stringent standards of MCL 418.301; MSA 17.237(301). However, where the worker was already receiving disability benefits when he died, as in the instant case, the proper standard is the proximate cause standard of MCL 418.375; MSA 17.237(375).

The order of the WCAB awarding death benefits to plaintiff is reversed.