LEAVECK v GENERAL MOTORS CORPORATION

Docket No. 81583. Submitted June 6, 1985, at Detroit.—Decided October 28, 1985.

K. Sue Leaveck applied for workers' compensation benefits from General Motors Corporation, Hydra-Matic Division, alleging that her husband, Samuel M. Leaveck, had died of a heart condition and pulmonary disease aggravated by his working conditions. The hearing examiner awarded benefits and the defendant appealed. The Workers' Compensation Appeal Board reversed, holding that, while the decedent worked in a deleterious atmosphere which aggravated his pulmonary disease and most likely contributed to his death, an award was precluded by current case law. Plaintiff's delayed application for leave to appeal to the Court of Appeals was denied but the Supreme Court, upon application to it for leave to appeal, in lieu of granting leave to appeal remanded to the Court of Appeals for consideration as on leave granted. 419 Mich 950 (1984). *Held:*

1. The application of legal standards by the WCAB is properly reviewable by an appellate court.

2. The current state of the law is that arteriosclerosis is an ordinary disease of life not caused by working conditions or aggravated by stress, the existence of arteriosclerosis does not necessarily bar a workers' compensation award by a claimant who suffers a heart attack, working conditions may be a cause of a heart attack in an arteriosclerotic person, and in order to claim an award an employee must cite specific stressful conditions from which the factfinder may draw a conclusion that employment conditions were a causative factor in the heart attack.

3. The claim in this case was that the working conditions aggravated the decedent's pulmonary disease, and there was competent evidence presented to show that aggravation. The proper inquiries are: (1) did work conditions aggravate the

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 300-303, 568, 613-642.
See the annotations in the ALR3d/4th Quick Index under Workers' Compensation.

pulmonary disease, and (2) did the pulmonary disease contribute to the heart attack.

4. The WCAB applied the wrong legal standard. The case is therefore reversed and remanded for further proceedings.

Reversed and remanded.

1. Workers' Compensation — Appeal — Findings of Fact — Legal Standards.

   Findings of fact in a workers' compensation proceeding are conclusive in the absence of fraud, and the Court of Appeals reviews findings of fact only to determine whether there is any evidence to support them; the application of legal standards by the Workers' Compensation Appeal Board, however, is properly reviewable by an appellate court.

2. Workers' Compensation — Heart Attack — Arteriosclerosis — Evidence.

   An employee who suffers from arteriosclerosis and who suffers a heart attack, in order to recover a workers' compensation award, must cite specific stressful working conditions from which the factfinder may draw a conclusion that employment conditions were a causative factor in the heart attack.

*Egnor, Hamilton & Muth* (by *Andrew S. Muth*), for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Ronald A. Weglarz*), for defendant.

Before: J. H. Gillis, P.J., and Bronson and M. J. Kelly, JJ.

Per Curiam. Plaintiff applied for workers' compensation benefits on the ground that her husband's death was caused by a heart condition and emphysema aggravated by his working conditions. Hearing examiner Ray Ravary, by decision mailed August 21, 1980, awarded plaintiff $101 per week for up to 500 weeks. Defendant appealed to the Workers' Compensation Appeal Board, which issued its decision October 14, 1983. In reversing the hearing examiner's award, the board stated in part:

"It is clear to us as fact finders that decedent worked in a deleterious atmosphere which aggravated his pulmonary disease and most likely made him more susceptible to his arteriosclerotic heart disease and death sooner than would otherwise have been the case. Although there is expert testimony to support this finding, our judicial superiors have usurped our right to so find. *Miklik v Mich Special Mach Co,* 415 Mich 364 (1982)."

The plaintiff filed a delayed application for leave to appeal to this Court which was denied on February 28, 1984. Upon plaintiff's application for leave to appeal, the Supreme Court remanded the case to this Court "as on leave granted". *Leaveck v General Motors Corp,* 419 Mich 950 (1984).

Mr. Leaveck worked for General Motors Corporation for 24 years before his death at the age of 58. He operated a cutting machine called an Ex-Cell-O. He was required to load approximately 1,000 eight- or nine-pound parts into the machine daily. There was testimony that the air around the machine was dusty and smelled oily. Mr. Leaveck wore a mask on the job. Plaintiff testified that her husband's work clothes smelled oily and were covered with a graphite-like substance and little pieces of metal.

Mr. Leaveck suffered from cardiac problems beginning in 1967. His physician, Dr. Rhoda M. Powsner, testified that he suffered from severe pulmonary disease and severe arteriosclerotic heart disease. Dr. Powsner believed that there were several causative factors for the pulmonary disease, including smoking (Mr. Leaveck quit smoking in 1967), and allergy to dust at work. Dr. Powsner testified that people with pulmonary disease are less able to tolerate heart disease because the lungs are unable to deliver as much oxygen as normal lungs.

After reviewing Mr. Leaveck's medical reports, Dr. Clyde Wu testified on behalf of General Motors that plaintiff's decedent died as a result of arteriosclerosis, that arteriosclerosis is an ordinary disease of life, and that the patient's death, occurring two days after his last working day, was not work related.

The WCAB found that the decedent worked in a deleterious atmosphere which aggravated his pulmonary disease and "most likely" contributed to his death. However, the board stated that the recent Supreme Court decision in *Miklik v Michigan Special Machine Co,* 415 Mich 364; 329 NW2d 713 (1982), restricted its findings of fact and precluded an award. We disagree.

Findings of fact in a workers' compensation proceeding are conclusive in the absence of fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). This Court reviews such findings only to determine whether there is any evidence to support them. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978). On the other hand, the WCAB's application of legal standards is properly reviewable by an appellate court. *Stover v Midwest Tank & Fabrication Co, Inc,* 87 Mich App 452, 456-457; 275 NW2d 15 (1978), *lv den* 406 Mich 926 (1979); *Ratliff v General Motors Corp,* 127 Mich App 410, 414; 339 NW2d 196 (1983). The WCAB's application of *Miklik* in this case is, therefore, reviewable.

MCL 418.401(2)(b); MSA 17.237(401)(2)(b) provides in part:

" 'Personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment. An ordinary disease of life to which the

public is generally exposed outside of the employment is not compensable."[1]

Michigan courts have, on earlier occasions, considered the compensability under the workers' compensation statute for injuries and death due to heart disease. Five such cases were analyzed in *Kostamo v Marquette Iron Co,* 405 Mich 105; 274 NW2d 411 (1979). All five plaintiffs were victims of arteriosclerotic heart disease (hardening of the arteries).

The Court first held that arteriosclerosis is an "ordinary disease of life" which is not caused by work or aggravated by the stress of work. However, the Court also found that a person suffering from arteriosclerosis might well be more susceptible to a heart attack caused by stress, including work-realted stress. The Court stated:

"Unless the work has accelerated or aggravated the illness, disease or deterioration and, thus, contributed to it, or the work, coupled with the illness, disease or deterioration, in fact causes an injury, compensation is not payable." 405 Mich 116.

Thus, the Court envisioned two routes to compensation: (1) the work aggravates the illness, or (2) the work precipitates an injury in a person weakened by the illness. Since the Court found arteriosclerosis not to be aggravated by work, plaintiffs in the cases considered had to meet the conditions of the second test. In the case of two of the plaintiffs, the WCAB had found no heart damage. Although the plaintiffs were disabled by arteriosclerosis, the Court held that there was no compensable injury,

---

[1] An amendment to the above statue, effective January 1, 1982, has been held not to be retroactive and thus does not apply in this case. See *Lambard v Saga Food Service,* 127 Mich App 262, 270-273; 338 NW2d 207 (1983), *lv den* 419 Mich 958 (1984).

since arteriosclerosis itself is not a work-related disease. 405 Mich 116-118. Where, however, there was a showing of incidents of work-related stress which contributed to heart damage in an arteriosclerotic individual, the Court held that compensation is appropriate.

Although the three remaining plaintiffs in *Kostamo* all had heart attacks while on the job or within several hours of leaving work, the Court did not specifically state that this was a prerequisite to compensation.

In *Miklik v Michigan Special Machine Co, supra,* the Court considered whether a WCAB award was proper in view of the *Kostamo* decision. The WCAB had found that unspecified stresses in Miklik's employment aggravated his arteriosclerotic heart condition. The Court found this "bald assertion" at odds with *Kostamo.* The Court stated:

"There must be a relationship proved between the damage and *specific* incidents or events at work. General conclusions of stress, anxiety, and exertion over a period of time do not satisfy this second requirement. There must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence.

"The link between the work and the heart damage need only be one of reasonable relationship of cause and effect. Other possible or probable causes need not be excluded beyond doubt. Further, the work need not be the *sole* cause of the damage; it is sufficient if the employment is *a* cause. The factfinder must identify and evaluate the discrete factors of employment which are connected to the damage. The *Kostamo* Court noted several examples which have been regarded as significant by courts and commentators; temporal proximity of the cardiac episodes to the work experience, hot and dusty conditions, repeated return to work after a cardiac episode, and mental stress.

"The WCAB's conclusion in *Miklik* that general stress existed without a link between a *specific* incident of employment and a *specific* cardiac episode does not suffice. Accordingly, we reverse the decision of the WCAB." 415 Mich 370-371. (Emphasis in original.)

After *Kostamo* and *Miklik,* the state of the law appears to be that: (1) arteriosclerosis is an ordinary disease of life not caused by working conditions nor aggravated by stress; (2) the existence of arteriosclerosis does not necessarily bar a workers' compensation award by a claimant who suffers a heart attack; (3) working conditions may be a cause of a heart attack in an arteriosclerotic individual; (4) in order to claim an award, an employee must cite specific stressful conditions from which the factfinder may draw a conclusion that employment conditions were a causative factor in the attack.

In the instant case, however, plaintiff is not arguing that the decedent's working conditions aggravated an arteriosclerotic condition. The argument instead is that working conditions aggravated decedent's pulmonary disease, which in turn was a causative factor in his heart attack. Although arteriosclerosis may be an ordinary disease of life neither caused nor aggravated by working conditions, the same cannot be said for lung diseases. There was competent evidence offered to show that decedent's pulmonary disease was, in fact, aggravated by his working conditions, and the evidence of those conditions was specific, consisting primarily of a hot, dusty environment. Absent the added factor of decedent's lung disease, it would be a question whether a sufficient showing of the causal connection between the work stress and the heart attack was made. Given that factor, however, two questions are posed: (1) did work condi-

tions aggravate the pulmonary disease, and (2) did the pulmonary disease contribute to decedent's heart attack? The board, believing that *Miklik* prevented a finding for plaintiff, did not conclusively address these questions. We hold, however, that the board erroneously construed *Miklik* and applied an incorrect legal standard. We therefore reverse the decision of the WCAB and remand for further findings of fact and proceedings consistent with this opinion. See *Williams v Lang (After Remand),* 415 Mich 179, 183; 327 NW2d 240 (1982).

Reversed and remanded.