## NOBLE v FORD MOTOR COMPANY

Docket Nos. 81419, 81655. Submitted January 22, 1986, at Detroit. Decided June 17, 1986.

The Bureau of Workers' Compensation determined that Mitchell Noble, who worked for the Ford Motor Company, had developed a compensable work-related injury, namely, silicosis and emphysema. Noble received workers' compensation benefits until the time of his death. Plaintiff, Anna Noble, Mitchell Noble's widow, thereafter requested a hearing to determine her entitlement to workers' compensation death benefits. Plaintiff alleged that decedent's exposure to atmospheric pollutants at his job site caused decedent's silicosis which in turn caused cancer in decedent's right lung, which led to his death. A hearing officer ruled that plaintiff was not entitled to benefits because she failed to show that decedent's silicosis and emphysema were a cause or contributing cause of his death. A majority of the Workers' Compensation Appeal Board reversed that decision, ruling that although plaintiff had failed to establish by a preponderance of the evidence that decedent's lung cancer was caused by his exposure to atmospheric pollutants at work, plaintiff was nevertheless entitled to benefits because she had shown that decedent's death was related to his disability. The Ford Motor Company and the Silicosis & Dust Disease Fund appealed to the Court of Appeals which granted leave and consolidated the appeals. *Held:*

1. The Workers' Disability Compensation Act provides that where a worker dies after there has been an adjudication of workers' compensation liability and payment of benefits, in order for the worker's dependents to receive workers' compensation death benefits, it must be established that the work-related injury received by the worker was the proximate cause

REFERENCES

Am Jur 2d, Negligence § 131.

Am Jur 2d, Workmen's Compensation, §§ 229, 514 *et seq.*

Modern status of effect of state workmen's compensation act on right of third-person tortfeasor to contribution or indemnity from employer of injured or killed workman. 100 ALR3d 350.

See also the annotations in the ALR3d/4th Quick Index under Workers' Compensation.

of his death. In this case, the appeal board majority erred by not applying this standard in determining whether decedent's death was causally connected to his disability.

2. The Court of Appeals, in applying the proper standard of causation, concluded that plaintiff did not and could not possibly establish by a preponderance of the evidence that decedent's death was proximately caused by the disability for which decedent received workers' compensation benefits, given the board's findings that decedent was not exposed to any carcinogen at work and that his cancer was most likely caused by his cigarette-smoking habit. Plaintiff was therefore not entitled to death benefits pursuant to the Workers' Disability Compensation Act.

Reversed.

1. NEGLIGENCE — PROXIMATE CAUSE.

Proximate cause is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, without which such injury would not have occurred.

2. WORKERS' COMPENSATION — DEATH BENEFITS — DEPENDENTS.

A dependent of a worker, where the worker received benefits for a work-related disability prior to the workers' death, in order to receive workers' compensation death benefits, must show that the work-related disability of the worker was the proximate cause of the workers' death (MCL 418.375; MSA 17.237[375]).

*Blum & Rosenberg* (by *David B. Rosenberg*), for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), of counsel to *Richard G. Wood,* for Ford Motor Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Caleb B. Martin, Jr.,* Assistant Attorney General, for Silicosis and Dust Disease Fund.

Before: M. J. KELLY, P.J., and SHEPHERD and M. R. KNOBLOCK,* JJ.

PER CURIAM. In this workers' compensation case

* Circuit judge, sitting on the Court of Appeals by assignment.

defendants, Ford Motor Company and the Silicosis & Dust Disease Fund, appeal by leave granted from a Workers' Compensation Appeal Board order requiring defendants to pay plaintiff death benefits due to the death of her husband. We reverse the award of death benefits and hold, based on the factual findings of the appeal board, that plaintiff did not establish the necessary proximate causal connection between decedent's work-related injury and later death to entitle her to death benefits under MCL 418.375; MSA 17.237(375).

Plaintiff's decedent worked for defendant Ford Motor Company at its Dearborn foundry from 1928 until January 31, 1969. In July, 1970, the Bureau of Workers' Compensation determined that decedent had developed a compensable work-related injury, i.e., silicosis and emphysema. Decedent received compensation benefits from February 1, 1969, until the date of his death on October 14, 1974. The immediate cause of his death was carcinoma of the right lung with metastases to the brain and femur.

On May 20, 1977, plaintiff filed a petition for a hearing to determine her entitlement to worker's compensation death benefits. The petition alleged that decedent's exposure to atmospheric pollutants caused his silicosis which in turn caused his cancer and death. After a hearing the hearing officer ruled that plaintiff was not entitled to benefits because she had not shown that decedent's silicosis and emphysema were a cause or contributing cause of his death. A majority of the Workers' Compensation Appeal Board reversed that decision on October 19, 1984, ruling that although plaintiff had failed to establish by a preponderance of the evidence that decedent's carcinoma was caused by his exposure to atmospheric pollutants at work,

plaintiff was nevertheless entitled to benefits because she had shown that decedent's death was related to his uncontested work-related disability, i.e., silicosis and emphysema.

Defendant Ford Motor Company first argues on appeal that the appeal board majority applied the wrong standard of causation in reaching its conclusion that the cancer was related to the silicosis. We agree. A dependent's right to compensation benefits, where there has been a death not immediately following the injury, is governed by § 375 of the Workers' Disability Compensation Act, MCL 418.375; MSA 17.237(375), which provides in pertinent part:

> (1) The death of the injured employee prior to the expiration of the period within which he or she would receive such weekly payments shall be deemed to end the disability and all liability for the remainder of such payments which he or she would have received in case he or she had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity.
>
> (2) If the injury received by such employee was *the proximate cause* of his or her death, and the deceased employee leaves dependents, as hereinbefore specified, wholly or partially dependent on him or her for support, the death benefit shall be a sum sufficient, when added to the indemnity which at the time of death has been paid or becomes payable under the provisions of this act to the deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical, hospital services, medicines, and rehabilitation services furnished as provided in sections 315 and 319, equal to the full amount which such dependents would have been entitled to receive under the provisions of section 321, in case the injury had resulted in immediate death. Such benefits shall be payable in the same manner as

they would be payable under the provisions of section 321 had the injury resulted in immediate death. [Emphasis added.]

A plain reading of this provision clearly provides that where, as here, the employee dies after there has been an adjudication of workers' compensation liability and payment of those benefits, in order for the employee's dependents to continue to receive workers' compensation benefits, it must be shown that the work-related injury received by the employee was the proximate cause of his death.

The appeal board majority did not apply the proximate cause standard in determining that plaintiff was entitled to benefits. Rather it applied the more lenient "any contribution or aggravating factor" standard set forth in cases decided under § 301 of the act, which applies to claims for compensation benefits where the claim follows immediately after the work-related injury. MCL 418.301; MSA 17.237(301). However § 301 does not expressly require a proximate causal connection between the employment and the injury as § 375 does between the employment-related injury and a death subsequent to an adjudication of workers' compensation liability.

Section 301(1) provides:

An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act. In the case of death resulting from the personal injury to the employee, compensation shall be paid to the employee's dependents as provided in this act. Time of injury or date of injury as used in this act in a case of a disease or in the case of an injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to

the conditions that resulted in the employee's disability or death.

In light of the express language of § 375, which requires plaintiff to show that her husband's work-related disability, i.e., silicosis and emphysema, was the proximate cause of his death, we conclude that the appeal board majority erred in failing to apply that standard. The Legislature apparently intended to impose a stricter standard of causation in those cases where a death results sometime after the initial injury and determination of entitlement to benefits. The appeal board's action in applying the more lenient standard contravenes the statute's clearly expressed mandate.

Defendant Ford Motor Company next argues that the record and the appeal board's findings do not establish the necessary proximate cause. We agree. The Supreme Court has recently defined proximate cause as "that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, without which such injury would not have occurred." *McMillian v Vliet,* 422 Mich 570, 576; 374 NW2d 679 (1985).

A critical issue at the hearing was whether the cancer was caused by the silicosis or decedent's 45-year cigarette-smoking habit. Dr. Mozen, a thoracic surgeon, testified that atmospheric pollutants, which could include the cigarette smoke, silica and other pollutants, were a significant factor in the development of decedent's cancer. He felt that the cigarette smoking and the other pollutants would have an additive effect and that the sum of the two would probably be worse for the individual than either alone. However, he was unable to weigh the respective adverse effect of either factor in the absence of information on the concentration and length of time of exposure.

Dr. Spitz, Chief Medical Examiner for Wayne County and a board-certified pathologist, testified that silicosis "does not predispose to the development of cancer." In his opinion "the part played by cigarette smoke in this case by far outweighed that of the hypothetical exposure to cancer causing industrial pollutants."

The appeal board majority agreed with its dissenting member that plaintiff had failed to establish by a preponderance of the evidence that decedent's cancer was caused by work exposure to industrial pollutants. The majority also accepted Dr. Spitz's testimony that silica had not been established as a carcinogen and that decedent's cancer "was a likely result of his cigarette smoking habit." Nevertheless, the majority found that decedent's exposure to silica and his resultant silicosis was a contributing factor in his death, apparently on the basis of speculative testimony by Dr. Spitz that, given the presence of silica, exposure to other possible unnamed carcinogenic pollutants could not be categorically ruled out. However, there was no testimony establishing decedent's exposure to industrial pollutants other than silica, which the board found was not a carcinogen.

Accepting the board's findings that plaintiff had not established by a preponderance of the evidence that decedent's cancer was caused by his work-related silicosis, that silica had not been shown to be a carcinogen, and that the cancer was "a likely result" of his smoking habit, we conclude that plaintiff did not establish the necessary proximate causal connection between the employment-related disability and decedent's death five years later, pursuant to § 375 of the Workers' Disability Compensation Act. Had the appeal board majority applied the correct standard of causation to their

findings they ineluctably would have had to conclude from these findings, as did the dissenting member, that plaintiff had not established the necessary causal nexus. Accordingly, we find it unnecessary to remand this case to the appeal board for reconsideration of causation applying the appropriate standard. We conclude that plaintiff was not entitled to death benefits under § 375.

Defendants have raised three other issues on appeal, the first two concerning the appeal board's calculation of the amount and duration of benefits, and the third concerning whether plaintiff had timely filed her application for compensation benefits. We agree with defendants on the first two issues and disagree with defendants on the third issue. However, in view of our disposition of the issues discussed above, we do not deem it necessary to discuss these other claims of error.

Reversed.