HAGERMAN v GENCORP AUTOMOTIVE

Docket No. 164880. Submitted January 18, 1995, at Grand Rapids. Decided April 4, 1995, at 9:15 A.M. Leave to appeal sought.

Keith Hagerman received worker's compensation benefits voluntarily paid by Gencorp Automotive after he became unable to work because of work-related back injuries. Approximately 2½ months after leaving work, Hagerman underwent a myelogram, and three weeks later he died as a result of complications caused by the myelogram and his contemporaneous taking of medications for high blood pressure. Gencorp refused to pay death benefits to Hagerman's wife, Marian Hagerman. She filed a petition for a hearing, alleging that her husband died as a result of work-related injuries. A magistrate agreed, finding that Keith's back injury led to the need for a myelogram, which in turn led to his death. Gencorp appealed to the Worker's Compensation Appellate Commission. The WCAC reversed the portion of the magistrate's opinion that awarded death benefits, finding that the blood-pressure medication was an independent cause that led to Keith's death. Marian appealed by leave granted.

The Court of Appeals held:

1. No adjudication of worker's compensation liability is necessary to trigger the applicability of the proximate cause standard contained in MCL 418.375(2); MSA 17.237(375)(2). In this case, Marian Hagerman failed to demonstrate that her husband's death was proximately caused by any work-related injury.

2. There is a rational basis for distinguishing cases where individuals die immediately as a result of a work-related injury from cases where they die after some lapse of time. Therefore, there is a rational basis for the different causal tests contained in § 375(2) and MCL 418.301; MSA 17.237(301) and no violation of the constitutional equal protection guarantees.

Affirmed.

REFERENCES

Am Jur 2d, Constitutional Law § 750; Workers' Compensation §§ 219, 251, 252, 371.

See ALR Index under Equal Protection of Law, Workers' Compensation.

1. WORKER'S COMPENSATION — DEATH BENEFITS — STANDARD OF
   CAUSATION.

   No adjudication of worker's compensation liability is necessary to
   trigger the applicability of the proximate cause standard con-
   tained in § 375(2) of the Worker's Disability Compensation Act
   to an application for death benefits by a deceased employee's
   dependents where the deceased allegedly died as a result of a
   work-related injury and there has been some lapse of time
   between the injury and the death (MCL 418.375[2]; MSA
   17.237[375][2]).

2. WORKER'S COMPENSATION — DEATH BENEFITS — STANDARD OF
   CAUSATION.

   There is a rational basis for the Worker's Disability Compensa-
   tion Act's distinguishing, with regard to the proper standard of
   causation, cases where individuals die immediately as a result
   of a work-related injury from cases where they die after some
   lapse of time (MCL 418.301, 418.375[2]; MSA 17.237[301],
   17.237[375][2]).

3. CONSTITUTIONAL LAW — EQUAL PROTECTION — SOCIAL WELFARE
   PROGRAMS.

   Challenges to aspects of social welfare programs under either the
   federal or state constitutional guarantee of equal protection are
   analyzed under a rational basis test; challengers must show
   that the allegedly improper classification in a statute is arbi-
   trary and wholly unrelated in a rational way to the objective of
   the statute (US Const, Am XIV, § 1; Const 1963, art 1, § 2).

*Williams, Klukowski, Fotieo & Szczytko* (by *Paul A. Williams*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for the defendant.

Before: SAWYER, P.J., and BANDSTRA and R. B. BURNS,* JJ.

PER CURIAM. We granted leave to appeal in this case to consider whether the Worker's Compensation Appellate Commission applied the proper standard of causation.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

I

Plaintiff's husband worked for defendant as a millwright. He injured his back at work for the first time on August 25, 1987. He allegedly reinjured his back at work on December 1, 1989. After yet another reinjury on December 20, 1989, he left work, never to return.

Plaintiff's husband received a course of conservative treatment that failed to resolve his symptoms. On March 7, 1990, he underwent a myelogram. On March 28, 1990, he died as a result of complications caused by the myelogram and his contemporaneous taking of medications for high blood pressure.

Although defendant voluntarily paid worker's compensation benefits to plaintiff's husband after he left work in December 1989, it refused to pay plaintiff death benefits. She therefore filed a petition for a hearing on April 12, 1990, alleging that her husband injured himself at work and that his death was likewise work related. The magistrate agreed, finding that plaintiff's husband suffered injuries to his back on August 25, 1987, and December 1, 1989. The magistrate also found the death compensable, reasoning that the back problems led to the need for a myelogram, which in turn led to his death.

Defendant argued that death benefits were not payable because plaintiff could not show that the employment was the proximate cause of her husband's death. Although the causation standard in worker's compensation cases is generally lax, defendant argued that in this case causation is governed by § 375 of the Worker's Disability Compensation Act, MCL 418.375; MSA 17.237(375), which provides:

(1) The death of the injured employee prior to

the expiration of the period within which he or she would receive such weekly payments shall be deemed to end the disability and all liability for the remainder of such payments which he or she would have received in case he or she had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity.

(2) If the injury received by such employee was the proximate cause of his or her death, and the deceased employee leaves dependents, as hereinbefore specified, wholly or partially dependent on him or her for support, the death benefit shall be a sum sufficient, when added to the indemnity which at the time of death has been paid or becomes payable under the provisions of this act to the deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical, hospital services, medicines, and rehabilitation services, and expenses furnished as provided in sections 315 and 319, equal to the full amount which such dependents would have been entitled to receive under the provisions of section 321, in case the injury had resulted in immediate death. Such benefits shall be payable in the same manner as they would be payable under the provisions of section 321 had the injury resulted in immediate death.

(3) If an application for benefits has been filed but has not been decided by a hearing referee, worker's compensation magistrate, or on appeal and the claimant dies from a cause unrelated to his or her injury, the proceedings shall not abate but may be continued in the name of his or her personal representative. In such case, the benefits payable up to time of death shall be paid to the same beneficiaries and in the same amounts as would have been payable if the employee had suffered a compensable injury resulting in death.

The magistrate rejected defendant's argument. Although the magistrate appears to have held that the proximate cause test of § 375(2) does not apply

here, the magistrate also found that the requirements of the test were satisfied.

Defendant appealed, and the WCAC reversed that portion of the magistrate's opinion that awarded death benefits, opining:

> In *McMillian v Vliet,* 422 Mich 570, 576 [374 NW2d 679] (1985), the Michigan Supreme Court defined proximate cause as "that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, without which such injury would not have occurred."
>
> In the case before us, plaintiff's death was not a natural and continuous sequence of his back injury, but, rather, was the result of medication designed to control his high blood pressure, a preexisting condition. The testimony of Dr. Vernon Dodson, set out above, clearly supports our conclusion. In our opinion, the medication was an independent cause which led to plaintiff's death. Accordingly, we reverse that portion of the magistrate's opinion which awards death benefits. In all other respects not inconsistent with the foregoing, we affirm.

II

Plaintiff contends that the present case is controlled by two decisions of this Court.

In *Noble v Ford Motor Co,* 152 Mich App 622, 626-627; 394 NW2d 50 (1986), this Court stated:

> A plain reading of [§ 375] clearly provides that where, as here, the employee dies after there has been an adjudication of workers' compensation liability and payment of those benefits, in order for the employee's dependents to continue to receive workers' compensation benefits, it must be shown that the work-related injury received by the employee was the proximate cause of his death.

* * *

. . .The Legislature apparently intended to impose a stricter standard of causation in those cases where a death results sometime after the initial injury and determination of entitlement to benefits.

Similarly, in *Barnes v Campbell, Wyant & Cannon Foundry Co,* 188 Mich App 46, 49, 52; 469 NW2d 7 (1991), this Court held:

Section 375 of the act addresses situations where a worker begins receiving disability benefits, later dies, and the worker's dependents then seek death benefits.

* * *

In its opinion affirming the award of damages, the WCAB expressed difficulty in distinguishing this case from *Leaveck v General Motors Corp* [147 Mich App 781; 383 NW2d 154 (1985)]. As in the instant case, the worker in *Leaveck* had died of heart disease that was aggravated by work-related pulmonary disease. However, unlike the instant case, the worker in *Leaveck* had died just two days after his last working day. The question in *Leaveck,* therefore, was whether the worker was entitled in the first instance to workers' compensation benefits. As should be clear from the above analysis, the correct causation standard in that situation is the standard embodied in MCL 418.301; MSA 17.237(301), which was the standard employed by the *Leaveck* Court.

Because plaintiff's husband died before an adjudication, she contends that the proximate cause standard of § 375(2) does not apply here.

Defendant argues that reference to an adjudication is not a part of the holdings in *Noble* and *Barnes.* Defendant contends that it is simply a matter of fact that the employees in those cases

died before an adjudication, and that fact was highlighted in the *Noble* and *Barnes* opinions to bolster the conclusion that the proximate cause standard should apply. Defendant argues, in the alternative, that if *Noble* and *Barnes* do require an adjudication before the proximate cause standard becomes applicable, those cases were wrongly decided because the statute nowhere requires that a prior adjudication of liability occur before the proximate cause standard applies.

We agree with defendant that no adjudication of worker's compensation liability is necessary to trigger the applicability of § 375(2). We believe that this interpretation flows naturally from the statute. If an employee receives a personal injury arising out of and in the course of employment that results in death, benefits are paid to dependents for a minimum of five hundred weeks. MCL 418.301; MSA 17.237(301) and MCL 418.321; MSA 17.237(321). If an application for benefits has been filed and not decided and the claimant dies from a cause unrelated to the injury, the proceedings may be continued in the name of the personal representative and benefits are payable up to the time of death. Section 375(3). However, because the "death of the injured employee prior to the expiration of the period within which he or she would receive such weekly payments shall be deemed to end the disability and all liability for the remainder of such payments," dependents are only entitled to benefits because of the death if they can show that the injury was the proximate cause of the death. Sections 375(1) and (2).

As noted by this Court in *Barnes, supra,* this Court held in *Leaveck, supra,* that the less stringent causal standard of § 301 applied when the worker died of heart disease that was aggravated by work-related pulmonary disease just two days

after his last working day. Under such circumstances, the question presented is whether the worker is entitled to benefits in the first place, or, more precisely, whether the deceased worker's dependents are entitled to death benefits. We believe the present case is distinguishable from *Leaveck* because plaintiff's husband died ninety-eight days after his last day of work. We believe that the elapsed time between the decedent's last day of work and his death creates the sort of proof problems regarding the connection between work and death that the Legislature meant to address, at least in part, by mandating that benefits, liability for which would otherwise abate pursuant to § 375(1), will be payable only if the work-related injury was the proximate cause of death.

Plaintiff argues that the use of two different causal tests violates the Equal Protection Clauses of the Michigan and United States Constitutions. Const 1963, art 1, § 2; US Const, Am XIV, § 1. Federal equal protection challenges to aspects of social welfare programs must be analyzed under the deferential rational basis test. *Weinberger v Salfi,* 422 US 749, 768; 95 S Ct 2457; 45 L Ed 2d 522 (1975). The same standard of review is used for state equal protection challenges. Challengers must show that the classification is arbitrary and wholly unrelated in a rational way to the objective of the statute. *Smith v Employment Security Comm,* 410 Mich 231, 271; 301 NW2d 285 (1981). We hold that there is a rational basis for distinguishing cases where individuals die immediately as a result of a work-related injury from cases where they die after some lapse of time. The latter situation presents a greater probability that intervening factors contributed to the death and also implicates concerns that employers or carriers who

have provided benefits for what may have been a lengthy period of time should not be considered insurers of the life of the injured employee.

We agree with the WCAC that in the present case plaintiff has failed to demonstrate that her husband's death was proximately caused by any work-related injury.

Affirmed.