HAGERMAN v GENCORP AUTOMOTIVE (ON REMAND)

Docket No. 194743. Submitted May 10, 1996, at Lansing. Decided July 26, 1996, at 9:30 A.M.

Keith Hagerman sustained a work-related back injury, for which his employer, Gencorp Automotive, voluntarily paid worker's compensation benefits. While still disabled, Hagerman overhydrated himself before and after a myelogram and ultimately died from complications resulting from overhydration while on diuretics. Gencorp refused to pay worker's compensation death benefits to Hagerman's widow, Marian Hagerman. After a hearing before a worker's compensation magistrate, Mrs. Hagerman was awarded benefits under § 375 of the Worker's Disability Compensation Act, MCL 418.375; MSA 17.237(375). The Worker's Compensation Appellate Commission reversed the decision of the magistrate, concluding that Mr. Hagerman's death was not proximately caused by any work-related injury. The Court of Appeals, SAWYER, P.J., and BAND-STRA and R. B. BURNS, JJ., affirmed. 209 Mich App 667 (1995). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of *Dedes v Asch*, 446 Mich 99 (1994).

On remand, the Court of Appeals *held*:

1. As decided in *Dedes*, the use of "the" before "proximate cause" in the governmental immunity statute does not limit recovery to cases where the conduct of the governmental employee was the sole proximate cause of the injury; recovery may be had even where there are proximate causes of the injury other than the conduct of a governmental employee. When a number of factors contribute to produce an injury, one actor's negligence will not be considered a proximate cause of harm unless it was a substantial factor in producing the injury. Among the factors to be considered is whether the actor's conduct created a force or series of forces that were in continuous and active operation up to the time of the harm, or created a situation harmless in itself unless acted upon by other forces for which the actor is not responsible. Here, Mr. Hagerman's back injury and myelogram were harmless in themselves. Death resulted only because of the unfortunate coincidence of overhydration and diuretics. The back injury and the myelogram

did not constitute a substantial factor in producing the injury, and so did not proximately cause the injury.

2. Although Gencorp would have been liable for foreseeable additional injuries or complications that could have resulted from Mr. Hagerman's submission to a myelogram or other medical procedures, Gencorp should not be held to be an insurer against unforeseeable events.

3. Proximate causation is decided as a matter of law when, as in this case, the facts are not in dispute. Even if the facts were in dispute, this Court would defer to the appellate commission in deciding proximate causation as a matter of fact.

Affirmed.

BANDSTRA, J., concurring, stated that because it was concluded that Mr. Hagerman's back injury did not proximately cause his death, it was not necessary to consider the meaning of "the proximate cause," as used in § 375(2) or to consider whether the legislative history of this section would require a result similar to that reached in *Dedes*.

*Williams, Klukowski, Fotieo & Szczytko* (by *Paul A. Williams*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for the defendant.

ON REMAND

Before: SAWYER, P.J., and GRIFFIN and BANDSTRA, JJ.

PER CURIAM. In an opinion released on April 4, 1995, this Court affirmed the decision of the Worker's Compensation Appellate Commission (WCAC) denying plaintiff's claim for benefits. In particular, this Court held that the proximate cause standard contained in § 375(2) of the Worker's Disability Compensation Act, MCL 418.375(2); MSA 17.237(375)(2), applies in this case, even though there was no adjudication of worker's compensation liability before the death of plaintiff's husband. This Court also agreed with the WCAC that plaintiff had failed to demonstrate that her

husband's death was proximately caused by any work-related injury. 209 Mich App 667; 531 NW2d 832 (1995).

Plaintiff applied to the Supreme Court for leave to appeal. In lieu of granting leave, by order dated April 23, 1996, the Supreme Court remanded to this Court for reconsideration in light of *Dedes v Asch*, 446 Mich 99; 521 NW2d 488 (1994). We once again affirm.

I

In *Dedes*, the Supreme Court reversed a decision by this Court holding that the use of the word "the" before the words "proximate cause" in the governmental immunity statute, MCL 691.1407(2)(c); MSA 3.996(107)(2)(c), limited recovery to cases where the conduct of the governmental employee was the sole proximate cause of the injury. The Supreme Court held that recovery may be had even where there are proximate causes of the injury other than the conduct of a governmental employee.

Although § 375(2) uses the phrase "the proximate cause," nothing in this Court's earlier opinion turns on the question whether plaintiff's husband's injury was "the" proximate cause of his death. Instead, we[1] agreed with the WCAC that plaintiff had failed to prove that her husband's death was proximately caused by his employment. However, to avoid any misunderstanding and to comply with the spirit as well as the letter of the Supreme Court's remand order, we now provide a more detailed analysis of the proximate cause issue.

---

[1] Judge GRIFFIN has been assigned to this case on remand in place of Judge R. B. BURNS, who signed the earlier opinion.

II

Plaintiff's husband injured his back at work. After his last day of work in December 1989, he received conservative treatment that failed to resolve his symptoms. On March 7, 1990, he underwent a myelogram. According to the magistrate's opinion, plaintiff's husband was advised to drink plenty of water to reduce possible side effects of the myelogram. He did so both before and after the procedure. According to Dr. Dotson, described as an academic physician specializing in the disciplines of internal medicine, occupational medicine, and toxicology, plaintiff's husband inadvertently overhydrated himself. His doing so had fatal consequences because at the time of his myelogram he was undergoing treatment for a longstanding high blood pressure problem, not found to be related to work, with medications that included a diuretic. The diuretic eliminated the excess fluids, resulting in a depletion of his sodium level. The depleted sodium caused a convulsive disorder or seizure, resulting in aspiration of gastric contents. That in turn set off aspiration pneumonia, which in turn caused adult respiratory distress syndrome. The syndrome combined with low sodium level resulted in death by cardiac arrest on March 28, 1990.

The WCAC held that plaintiff's husband's death did not flow in a natural and continuous sequence from his back injury, i.e., was not proximately caused by his back injury, but rather was the result of the use of high blood pressure medication. We hold that the WCAC reached the correct result.

An employer is liable for additional injuries or complications that result when an employee submits to medical procedures necessitated by work-related inju-

ries. *Oleszek v Ford Motor Co*, 217 Mich 318; 186 NW 719 (1922). Such consequential injuries do not establish a new injury date, but rather relate back to the original date. *Sanders v General Motors Corp*, 137 Mich App 456, 459, 463; 358 NW2d 611 (1984).

In light of these authorities, it is clear that plaintiff's husband's work-related back injury was a cause in fact of his death. However, we hold that his back injury and subsequent myelogram were not a proximate cause of his death for the following reasons.

When a number of factors contribute to produce an injury, one actor's negligence will not be considered a proximate cause of harm unless it was a substantial factor in producing the injury. *Brisboy v Fibreboard Corp*, 429 Mich 540, 547; 418 NW2d 650 (1988). Among the factors to be considered is whether the actor's conduct created a force or series of forces that were in continuous and active operation up to the time of the harm, or created a situation harmless in itself unless acted upon by other forces for which the actor is not responsible. *Poe v Detroit*, 179 Mich App 564, 576-577; 446 NW2d 523 (1989), citing 2 Restatement Torts, 2d, § 433, p 432. Plaintiff's husband's back injury and myelogram were harmless in themselves. Death resulted only because of the unfortunate coincidence that he was taking a diuretic at the same time that he was overhydrating himself in preparation for and after the myelogram. We conclude that the back injury and myelogram did not constitute a substantial factor in producing the injury, and so did not proximately cause the injury.

Alternatively, we note that the Supreme Court has quoted with approval the following language from a treatise on torts, which concludes that the notion of

proximate cause adds to the notion of cause in fact a policy component akin to the issue of duty:

> "Unlike the fact of causation, with which it is often hopelessly confused, this is primarily a problem of law. It is sometimes said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible. But both significance and importance turn upon conclusions in terms of legal policy, so that they depend essentially on whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred.
>
> * * *
>
> "It is quite possible to state every question which arises in connection with 'proximate cause' in the form of a single question: was the defendant under a duty to protect the plaintiff against the event which did in fact occur?" [*McMillan v State Hwy Comm*, 426 Mich 46, 51-52; 393 NW2d 332 (1986), quoting Prosser & Keeton, Torts (5th ed), § 42, pp 272-274.]

We hold that as a matter of policy defendant should not be held to have a duty to protect plaintiff's husband from the harm that he suffered in the instant case. Although defendant would have been liable for the foreseeable additional injuries or complications that could have resulted from decedent submitting to a myelogram or other medical procedures, defendant should not be held to be an insurer against unforeseeable events.

Finally, we note that in *McMillan, supra* at 63, n 8, the Supreme Court again quoted with approval the following from Prosser & Keeton:

> "If the facts bearing upon other aspects of 'proximate cause' (that is, aspects other than causation in fact) are not in dispute and reasonable persons could not differ about

the application to those facts of the legal concept of 'proximate cause,' the court determines that issue. But if reasonable persons could differ, either because relevant facts are in dispute, or because application of the legal concept of 'proximate cause' to the case at hand is an evaluative determination as to which reasonable persons might differ, the issue of 'proximate cause' is submitted to the jury with appropriate instructions on the law."

Even if the WCAC did not reach the correct result as a matter of law, we believe the issue of proximate cause in this case is one about which reasonable persons could differ. We would therefore be constrained to affirm the decision of the WCAC in light of the deference due the WCAC in the performance of its administrative appellate review. *Holden v Ford Motor Co*, 439 Mich 257, 269; 484 NW2d 227 (1992).

Affirmed.

BANDSTRA, J. *(concurring)*. I concur in the opinion of the panel and write separately only to point out that we are not here addressing whether the holding of *Dedes v Asch*, 446 Mich 99; 521 NW2d 488 (1994), applies to the statute at issue in this case. In *Dedes*, the majority and dissenting justices disagreed over the meaning of "the proximate cause" in the statute creating governmental immunity from tort liability, MCL 691.1407(2)(c); MSA 3.996(107)(2)(c). *Dedes, supra* at 104. The majority concluded that use of the article "the" did not indicate that the Legislature intended that the government would be immune from tort liability unless an employee's gross negligence was the sole proximate cause of injury or damage but, instead, concluded that liability could be imposed if a government employee's gross negligence was one of a number of proximate causes of injury or damage.

The majority came to this conclusion largely as a result of the legislative history of the statute under consideration. *Id.* at 113-119. Because we have today concluded that Keith Hagerman's back injury did not proximately cause his death, we have not had to consider the meaning of "the proximate cause" in the relevant section of the Worker's Disability Compensation Act, MCL 418.375(2); MSA 17.237(375)(2), or consider whether the legislative history of this section would require a result similar to that reached by the majority in *Dedes*.