### GKC MICHIGAN THEATERS, INC v GRAND MALL

Docket No. 188934. Submitted February 5, 1997, at Lansing. Decided March 14, 1997, at 9:20 A.M. Leave to appeal sought.

GKC Michigan Theaters, Inc., brought an action in the Genesee Circuit Court against Grand Mall, a Michigan limited partnership, alleging that the defendant's action of filing a notice of termination of an easement with regard to an easement granted to the plaintiff by the defendant's predecessor that allowed the plaintiff use of the defendant's driveway and certain parking spaces in the parking lot of the defendant's mall constituted slander of title and seeking a declaratory judgment regarding the validity of the easement. At the time the plaintiff brought the action, it was in the process of selling its property to a third party, and the plaintiff alleged that the defendant's action caused a delay in the closing of that sale. The court, Valdemar L. Washington, J., granted the plaintiff's motion for partial summary disposition, declaring the easement valid and perpetual in duration and ordering that the termination of the easement was invalid and should be stricken from the records. The defendant appealed and the Court of Appeals, GRIFFIN, P.J., and CAVANAGH and H. A. KOSELKA, JJ., affirmed in an unpublished opinion per curiam, issued April 28, 1994 (Docket No. 148491). Leave to appeal was denied by the Supreme Court. 448 Mich 854 (1995). The closing of the sale of the property occurred while the plaintiff's slander of title action was still unresolved. The trial court then granted the defendant's motion for summary disposition with regard to the slander of title claim, finding that the plaintiff had failed to show that the filing of the notice of termination of the easement was a cause in the delay of the closing of the sale. The plaintiff appealed from the order granting summary disposition for the defendant.

The Court of Appeals held:

1. The trial court erred in ruling that causation was not established. The plaintiff may be able to prove that the filing of the notice of termination was a substantial factor in bringing about the delay of the closing of the sale. The order granting summary disposition in favor of the defendant must be reversed and the matter must be remanded for a determination whether the defendant's fil-

ing of the notice of termination caused the delay in the closing of the sale.

2. Summary disposition on the ground that the plaintiff failed to establish causation was inappropriate with regard to the aspect of the plaintiff's claim concerning the plaintiff's recovery of damages to compensate for the expenses involved in the litigation to have the notice of the termination of the easement stricken from the record. There is a direct causal link between the defendant's filing of the notice and the subsequent litigation to declare the notice invalid. Damages in removing the cloud from a plaintiff's title are recoverable in a slander of title action.

3. The substantial-factor test set forth in Restatement Torts, 2d, § 632, is the appropriate test to determine whether causation exists in a slander of title claim.

4. There were issues of material fact in this case regarding whether the filing of the invalid notice of termination of the easement was a substantial factor in the purchaser's decision to delay the sale of the property. Therefore, the trial court erred as a matter of law in granting the defendant's motion for summary disposition.

Reversed and remanded.

1. Torts — Slander of Title — Causation.

A plaintiff in an action for slander of title must establish that the defendant maliciously published false matter disparaging the plaintiff's title, causing the plaintiff special damages; the substantial-factor test is the appropriate test to determine causation in an action for slander of title.

2. Torts — Slander of Title — Damages.

Costs incurred in bringing an action to remove a cloud from the title to land is recoverable in an action for slander of title.

3. Torts — Slander of Title — Substantial-Factor Test.

The substantial-factor test is used in the context of a slander of title claim to determine whether the cloud on the title was enough of a factor in the purchaser's decision to delay the sale or withdraw an offer to purchase the property to be a cause of the purchaser's decision.

4. Torts — Slander of Title — Cause of Loss — Substantial-Factor Test.

The publication of an injurious falsehood is a legal cause of pecuniary loss with regard to a claim of slander of title where it was a substantial factor in bringing about the loss and there is no rule of law relieving the publisher from liability because of the manner in which the publication resulted in the loss; in order for the false statement to be a substantial factor in determining the conduct of

an intending or potential purchaser or lessee, the statement must have been a factor in the potential purchaser's decision, but need not have been the exclusive or predominant determinant of that decision; if the publication is one of the considerations that have substantial weight, it is a substantial factor in preventing the sale and thus bringing financial loss upon the owner of the title.

*Dykema Gossett PLLC* (by *Alan R. Dominick* and *Thomas A. Norton*), for the plaintiff.

*Liss and Associates, P.C.* (by *Arthur Y. Liss* and *Andrew M. Zack*), for the defendant.

Before: O'CONNELL, P.J., and MARKMAN and M. J. TALBOT*, JJ.

O'CONNELL, P.J. Plaintiff appeals as of right the circuit court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). The circuit court found as a matter of law that plaintiff was unable to establish causation in its slander of title claim. We reverse and remand.

This case arises out of a dispute regarding two adjacent parcels of property located in Grand Blanc, Michigan. Plaintiff is the prior owner of real property located at 12901 South Saginaw Street (hereinafter referred to as the GKC property) and defendant owns real property on which Grand Mall Shopping Center is situated, located at 12741 South Saginaw Street (hereinafter referred to as the mall property). In 1972, defendant's predecessor granted an easement for the benefit of the GKC property allowing its users and owners to use the mall's driveway and a designated number of spaces in the mall's parking lot.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On September 9, 1991, plaintiff and Michael Bogle signed a purchase agreement pursuant to which Bogle would acquire the GKC property. This purchase agreement was "subject to city approval of expansion." Plaintiff and Bogle also signed two modifications of the purchase agreement on September 9, 1991. The first modification of the agreement pertained to a proposed expansion of the building on the GKC property and provided that the offer to purchase was subject to Bogle's ability to obtain from the city the appropriate building approvals regarding this expansion. The second modification of the purchase agreement provided that the agreement was "conditioned upon Purchasers [sic] satisfaction that zoning, easements and restrictions on the premises will permit Purchaser to use the premises for his intended purpose." Bogle intended to use the GKC property to house his hardware business, which was located in Grand Mall Shopping Center at the time that the purchase agreement was signed.

On October 18, 1991, defendant filed a "Notice of Termination of Easement," claiming that the easement had been granted to benefit the GKC property only while it was used as a movie theater, and, because the property was no longer being used in this way, the purpose of the easement had terminated. Plaintiff then filed its complaint alleging that defendant's action of filing the notice of termination constituted slander of title (count I) and seeking a declaratory judgment regarding the validity of the easement (count II).

On December 6, 1991, plaintiff and Bogle again modified their purchase agreement. The third modification essentially provided that although Bogle was

financially able to carry out the purchase agreement, closing would not take place until plaintiff was able to "assure a clear record title" by removing the notice of termination. The modification further provided that, after plaintiff removed the cloud from the title, Bogle had an option to delay closing until January 31, 1992.

On December 20, 1991, plaintiff moved for partial summary disposition with regard to count II of its complaint. The trial court granted plaintiff's motion and entered an order on January 13, 1992, declaring that the easement was valid and perpetual in duration. The court further ordered that the termination of easement was invalid and should be stricken from the records. Defendant appealed the trial court's order to this Court, and this Court affirmed the lower court's decision in an unpublished opinion per curiam, issued April 28, 1994 (Docket No. 148491). On May 18, 1994, defendant filed an application for leave to appeal that decision to the Supreme Court. The Supreme Court denied leave to appeal on January 25, 1995. 448 Mich 854 (1995).

While the litigation concerning the validity of the easement was progressing, another dispute regarding the GKC property arose. This dispute concerned zoning variances for the GKC property that were granted to Bogle by the zoning board of appeals on January 7, 1992. The board granted variances to allow alterations of the existing building on the GKC property to comply with city building code requirements regarding landscaping of the parking lot and building setback requirements. Defendant challenged these zoning variances by filing a claim of appeal in the circuit

court on January 13, 1992.[1] After a hearing, the variances were upheld and the circuit court entered two orders. The first order was entered January 3, 1995. The second order, entered March 3, 1995, after another hearing, held that the first order was a final order effective February 6, 1995. There were no further appeals in the zoning litigation.

The sale of the GKC property to Bogle's assignee was finally closed on June 26, 1995. Plaintiff received the contract price for the property. At that point, plaintiff's slander of title claim was not yet resolved. Defendant then filed the motion for summary disposition presently at issue, arguing that plaintiff could not prove that the filing of the notice of termination caused the delay of the closing of the sale of the GKC property. Defendant contended that the modifications of the purchase agreement between plaintiff and Bogle conditioned the sale of the GKC property upon the zoning variances for the parking lot landscaping and the side yard setback. Further, defendant argued that plaintiff had admitted that the cause of the delay was that defendant had challenged the grant of these zoning variances.[2] Defendant based this argument on plaintiff's answer to an interrogatory asking why the closing did not occur.

> After October 17, 1992 [sic—1991] a closing date could not be scheduled due to the fact that Defendant clouded the title by recording a Notice of Termination of Easement.

---

[1] This was a separate case and was handled by a different judge than the one presiding over plaintiff's declaratory judgment and slander of title action.

[2] Plaintiff had not alleged that the challenge to the zoning variances caused it any damage; furthermore, defendant argued that this action could not form the basis of a slander of title claim because it was privileged.

After January 15, 1992, a closing could not be scheduled because Defendant filed a lawsuit challenging the validity of the variances granted by the City of Grand Blanc.

After holding a hearing regarding the matter, the trial court granted defendant's motion for summary disposition, stating:

> There's a slander of title claim that's filed by the Plaintiff saying that the Defendant basically slandered or clouded the title of the property that Plaintiff was trying to sell; claiming that the Plaintiff must prove that there—and this is the Defendant's position as it relates to the motion—claiming that the Plaintiff must prove that there has been damage caused by the slander, and the filing of the zoning appeal and the appeal through the Circuit Court and the Court of Appeals are privileged and had nothing to do with the lack of the sale of the property, and Plaintiff is unable to show that it would have been able to sell the property if it had not filed the easement termination notice, or if Defendant had not filed the easement termination notice.
>
> Defendant further reasons that the sale was not prevented by the filing of the termination notice as Bogle . . . did not have the appropriate zoning clearances which were a necessary part of the purchase agreement. Since the Defendant Mall filed an appeal of the zoning Board of Appeals decision, and it was entitled to do that as an interested party, the delay came about because of the zoning Board's [sic] of Appeals action and not because of the notice of termination of the easement was filed.
>
> A rather unique argument. I think I'm going to buy it. Motion's granted as to C-8 and C-10 as there is no, or there hasn't been shown to be any causal connection between the injurious falsehood, i.e., the termination of easement that was filed by the Defendant Mall and the delay as it relates to the sale because ultimately the sale was consummated and it's been carried out. I drive by it and I see that there's construction on, it looks like it's moving forward.

On appeal, plaintiff argues that the trial court erred in ruling that causation was not established, because plaintiff can prove that defendant's filing of the notice of termination was a "substantial factor" in bringing about the delay of the closing of the sale. We agree and hold a factfinder must determine whether defendant's filing of the notice of termination caused the delay in the closing of the sale.

In order to prove its slander of title claim, plaintiff must establish that defendant "maliciously published false matter disparaging [plaintiff's] title, causing [it] special damages." *Sullivan v Thomas Organization, PC*, 88 Mich App 77, 82; 276 NW2d 522 (1979). The litigation regarding the declaratory judgment count of plaintiff's complaint has already established that the notice of termination of easement was false and invalid.

Initially, we note that neither the parties nor the trial court addressed the issue whether plaintiff could recover damages to compensate it for the expenses involved in the litigation to have the notice of termination stricken from the records. Both this Court and the Michigan Supreme Court have held that damages in removing the cloud from a plaintiff's title are recoverable in a slander of title action. *Chesebro v Powers*, 78 Mich 472, 479; 44 NW 290 (1889); *Sullivan, supra* at 85. Plaintiff's complaint sought these damages pursuant to MCL 565.108; MSA 26.1278. There is a direct causal link between defendant's filing of the notice of termination of easement and the subsequent litigation to declare the notice invalid. Therefore, summary disposition on the ground that plaintiff failed to establish causation

would have been inappropriate with regard to this aspect of plaintiff's claim.

Plaintiff also sought damages associated with the delay in the sale of the property. Plaintiff argues that defendant's action of filing the notice of termination caused the delay in the sale of the property. Defendant counters that plaintiff cannot establish causation because, even if the notice had never been filed, the sale would still have been delayed because of the zoning litigation. Plaintiff does not deny that the zoning litigation was a factor in the delay of the sale, but instead argues that causation is established because the filing of the notice was a "substantial factor" in the delay of the sale.

No Michigan court has addressed the causation requirement for a slander of title claim. However, Restatement Torts, 2d, addresses the issue in § 632:

The publication of an injurious falsehood is a legal cause of pecuniary loss if

(a) it is a substantial factor in bringing about the loss, and

(b) there is no rule of law relieving the publisher from liability because of the manner in which the publication has resulted in the loss.

Comment c of § 632 explains the meaning of the phase "substantial factor":

In order for the false statement to be a substantial factor in determining the conduct of an intending or potential purchaser or lessee, it is not necessary that the conduct should be determined exclusively or even predominantly by the publication of the statement. It is enough that the disparagement is a factor in determining his decision, even though he is influenced by other factors without which he would not decide to act as he does. Thus many considera-

tions may combine to make an intending purchaser decide to break a contract or to withdraw or refrain from making an offer. If, however, the publication of the disparaging matter is one of the considerations that has substantial weight, the publication of the disparaging matter is a substantial factor in preventing the sale and thus bringing financial loss upon the owner of the thing in question.

Courts in other states have adopted this "substantial-factor" test for determining causation in slander of title claims. See *Bothmann v Harrington*, 458 So 2d 1163, 1170 (Fla App, 1984) (holding that the plaintiff's alleged special damages were properly disallowed and recognizing that in order to establish causation the defendant's "conduct must be a substantial factor in bringing about the [plaintiff's] losses"); *Childers v Commerce Mortgage Investments*, 63 Ohio App 3d 389, 393; 579 NE2d 219 (1989) (citing Restatement, § 632 when setting forth causation requirement); *Fountain v Mojo*, 687 P2d 496, 500 (Colo App, 1984) (approving Restatement, § 632); *Montgomery Properties Corp v Economy Forms Corp*, 305 NW2d 470, 477 (Iowa, 1981) (approving jury instruction conforming with Restatement, § 632).

Moreover, the substantial-factor test has been utilized in Michigan in other contexts. It has been employed in determining proximate cause in wrongful death, negligence, and worker's compensation claims. *Brisboy v Fibreboard Corp*, 429 Mich 540, 547-548; 418 NW2d 650 (1988); *Schutte v Celotex Corp*, 196 Mich App 135, 138; 492 NW2d 773 (1992); *Hagerman v Gencorp Automotive (On Remand)*, 218 Mich App 19, 23; 553 NW2d 623 (1996). We recognize that these cases are not perfectly analogous to the present case because, when used to determine proximate cause,

the substantial-factor test operates to determine whether something that is clearly a "but for" cause of the injury should be considered a legal cause of the injury. In the context of a slander of title claim, the substantial-factor test would not narrow the actionable causes of an injury, but instead would be used to determine whether the cloud on the title was enough of a factor in the purchaser's decision to be considered a cause of his decision to delay the sale or withdraw his offer to purchase the property. However, the Michigan Supreme Court has explained that the substantial-factor test can also be utilized to establish factual, or "but for," causation, by noting:

> [W]here several factors combine to produce an injury, and where any one of them, operating alone, would have been sufficient to cause the harm, a plaintiff may establish factual causation by showing that the defendant's actions, more likely than not, were a "substantial factor" in producing a plaintiff's injuries. [*Skinner v Square D Co*, 445 Mich 153, 165, n 8; 516 NW2d 475 (1994), citations omitted.]

We are persuaded by these authorities. Therefore, we hold that the substantial-factor test set forth in Restatement, § 632 should be recognized as the appropriate test to determine whether causation exists in a slander of title claim.

Next, we turn to whether the trial court's grant of summary disposition was appropriate in light of this holding. Summary disposition is not properly granted under MCR 2.116(C)(10) when "a record might be developed that will leave open an issue upon which reasonable minds could differ." *Royce v Citizens Ins Co*, 219 Mich App 537, 541; 557 NW2d 144 (1996). Here, we find that there were issues of material fact regarding whether the filing of the invalid notice of

termination was a substantial factor in the purchaser's decision to delay the sale of the property. The factfinder must assess the relative weight of all the reasons for delay and determine whether the notice of termination was a substantial factor in the purchaser's decision to delay the closing.[3] Moreover, we disagree with defendant's characterization of the plaintiff's interrogatory answer as an admission that the only cause of delay of the sale after January 15, 1992, was the zoning litigation. In our view, plaintiff's answer does not foreclose it from establishing causation relating to defendant's filing of the notice of termination. Accordingly, the trial court erred as a matter of law in granting defendant's motion for summary disposition.

Reversed and remanded.

---

[3] This appeal addressed the issue of causation alone. On remand, plaintiff still must prove that defendant acted with malice in filing the invalid notice of termination by showing that defendant "knowingly filed" it "with the intent to cause the plaintiff injury." *Stanton v Dachille*, 186 Mich App 247, 262; 463 NW2d 749 (1990).